Jon E. QUICK, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A04–1393.

Supreme Court of Minnesota.

Feb. 24, 2005.

Jon E. Quick, Bayport, MN, pro se appellant.

Mike Hatch, Attorney General, Kelly O'Neill Moller, Assistant Attorney General, St. Paul, MN, Thomas A. Opheim, Norman County Attorney, Ada, MN, for respondent.

## OPINION

PAGE, Justice.

Jon E. Quick was convicted of first-degree premeditated murder for the killing of Justin Mueller and sentenced to life in prison. *State v. Quick,* 659 N.W.2d 701 (Minn.2003). The facts underlying Quick's conviction can be found in our decision on Quick's direct appeal. *Id.* In that appeal, Quick raised a number of claims, including ineffective assistance of counsel based on his counsel's failure to obtain all necessary documents and failure to pursue a medical defense. *Id.* at 717. We denied Quick's claims and affirmed his conviction. *Id.* Quick subsequently brought a petition for postconviction relief, claiming the following as newly discovered evidence: (1) recently attained evidence proving his attendance at a parenting class on the evening of the murder that corroborated his testimony as

to his whereabouts that evening; (2) documentation showing his fluctuating blood sugar levels the day of the murder; and (3) evidence of his upbringing in a religious sect. With respect to items one and two, Quick argues that the evidence supports a claim of ineffective assistance of counsel based on his counsel's failure to pursue all necessary documents and a medical defense. With respect to item number three, he claims that the religious sect evidence is a mitigating factor for the charge of first-degree premeditated murder. The postconviction court summarily denied the petition. We affirm.

We review a postconviction court's denial of relief for abuse of discretion. *Perry v. State*, 595 N.W.2d 197, 200 (Minn.1999). A postconviction court "may summarily deny a petition [for postconviction relief] when the issues raised in it have previously been decided by the court of appeals or the supreme court in the same case." Minn.Stat. § 590.04, subd. 3 (2004). Further, in *State v. Knaffla*, we held that once a direct appeal has been taken, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). As we noted in *King v. State*, 649 N.W.2d 149, 156 (Minn.2002), *Knaffla* also bars claims that should have been known at the time of direct appeal. A postconviction court may, however, hear and consider a claim that was previously known but not raised (1) if the claim presents a novel legal issue or (2) if fairness requires review of the claim and the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal. *See Greer v. State*, 673 N.W.2d 151, 155 (Minn.2004).

It is not clear from Quick's postconviction petition whether his claims of newly discovered evidence relating to his attendance of the parenting class and documentation of his fluctuating blood sugar levels on the day of the murder present the same issues raised in Quick's ineffective assistance of counsel claims on direct appeal. To the extent that the issues are the same issues, Quick's claims are barred by Minn. Stat. § 590.04, subd. 3, and *Knaffla*. To the extent that the claims raised are different than the ones raised on direct appeal, we conclude that Quick either knew of or should have known of the claims at the time of his direct appeal and they are therefore barred by *Knaffla*. Neither exception to the *Knaffla* bar applies.

We also conclude that Quick's claim of newly discovered evidence of his upbringing in the religious sect fails. It is clear from the record that Quick's alleged upbringing in the religious sect was known to him and his counsel at the time of Quick's trial. Therefore, the evidence does not qualify as newly discovered. *See Wieland v. State*, 457 N.W.2d 712, 714 (Minn.1990). Moreover, because the issues related to his cult upbringing were known, or should have been known to him at the time of trial but were not raised on direct appeal, they are barred by *Knaffla*.[1] As with his ineffective assistance of counsel claims, neither exception to *Knaffla* applies.

Therefore, we conclude that the postconviction court did not abuse its discretion and affirm the court's denial of relief.

Affirmed.

---

1. The state moved this court to strike the appendix to Quick's brief to this court from the appellate record. Because the claims raised in Quick's petition are barred by *Knaff-* *la,* we have not considered the materials in the appendix to his brief. Therefore, we deny the state's motion as moot.