**Detroit DAVIS, Jr., Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. A09–1983.**

Supreme Court of Minnesota.

July 15, 2010.

---

Detroit Davis, Jr., Bayport, MN, pro se.

Lori Swanson, Attorney General, St. Paul, MN, Michael O. Freeman, Hennepin County Attorney, Lee W. Barry, Assistant County Attorney, Minneapolis, MN, for respondent.

ANDERSON, G. BARRY, Justice.

Detroit Davis, Jr., was convicted of first- and second-degree murder after he fatally shot Richard Allan and Pablo Morocho during the course of a robbery. Davis testified at his trial. He admitted shooting both victims but asserted that he acted in self-defense and without intent to kill. This court affirmed Davis's convictions on direct appeal. Davis filed a petition for postconviction relief, alleging that he was denied effective assistance of trial and appellate counsel. The postconviction court denied Davis's petition without an evidentiary hearing, and he now appeals. We affirm.

We set forth the facts of Davis's crimes in our opinion affirming his conviction, *State v. Davis,* 735 N.W.2d 674, 677–78 (Minn.2007), and we briefly recount them here. Davis shot and killed Richard Allan and Pablo Morocho on August 8, 2005, during an attempted robbery of Allan's construction business. *Id.* at 678. Davis testified that when he entered Allan's office on the morning of the murders, Allan attacked him and tried to take his gun. *Id.* A fight ensued, during which Davis hit Allan several times with the gun. *Id.* Morocho, one of Allan's employees, came to Allan's aid. *Id.* According to Davis's trial testimony, Allan encouraged Morocho to kill Davis, and Morocho struck Davis multiple times with a metal pipe. *Id.* Davis

then shot Morocho twice, in the chest and shoulder, and shot Allan once in the chest. *Id.* Davis testified that he did not intend to kill the two victims, but shot them in order to free himself from the fight and escape. *Id.* He left the money he had intended to steal behind when he fled the scene of the shooting. *Id.*

A jury found Davis guilty of first- and second-degree murder in violation of Minn. Stat. §§ 609.185(a)(3) and 609.19, subd. 2(1) (2008), for the death of Allan, second-degree murder in violation of Minn.Stat. § 609.19, subd. 2(1), for the death of Morocho, and attempted aggravated robbery in violation of Minn.Stat. § 609.245, subd. 1 (2008). *Davis,* 735 N.W.2d at 677. The district court sentenced him to life imprisonment for the first-degree murder of Allan and to 240 months for the second-degree murder of Morocho. *Id.* at 677 n. 1. Because the attempted aggravated robbery was an element of the two murder offenses, the court did not enter a separate conviction and sentence for the robbery crime. *Id.*

On appeal, Davis challenged the admission for impeachment purposes of five past convictions, asserted that the prosecutor committed misconduct by asking a series of questions that attacked Davis's credibility based on his presence at trial, and claimed that the prosecutor committed misconduct in the closing argument. *Id.* at 677. We held that the district court did not abuse its discretion by admitting Davis's past convictions for impeachment purposes, *id.* at 680, that the prosecutor's questions attacking Davis's credibility were improper and constituted plain error but were not prejudicial, *id.* at 682, and that the closing argument by the prosecutor was proper, *id.* at 683.

Davis filed a timely petition for postconviction relief on July 10, 2009.[1] In his petition, Davis alleged that he was denied effective assistance of counsel because his trial attorney did not: (1) move for a probable cause hearing, (2) raise the issue of suppression of evidence, (3) conduct adequate pre-trial investigation, (4) properly prepare for trial, (5) communicate adequately with Davis about the case, (6) order a competency hearing under Rule 20.01 of the Minnesota Rules of Criminal Procedure, or (7) adequately respond to the State's evidence at trial or call witnesses on Davis's behalf. Davis further argued in his postconviction petition that his appellate counsel was ineffective because counsel did not order all of the transcripts of the trial or adequately communicate with Davis or investigate potential issues for appeal. Finally, Davis argued that he should receive an evidentiary hearing on his postconviction petition.

The postconviction court denied the petition, concluding that neither Davis's trial counsel nor his appellate counsel was ineffective, and that an evidentiary hearing was not warranted because Davis did not point to any factual disputes that would justify a hearing.

■■■■ We review postconviction decisions under the abuse-of-discretion standard of review. *Leake v. State,* 737 N.W.2d 531, 535 (Minn.2007). Factual determinations of the postconviction court are upheld if they are supported by sufficient evidence. *Id.* Issues of law receive de novo review. *Id.*

In his pro se appellate brief, Davis addresses some, but not all, of the ineffective assistance of counsel arguments that he raised in his postconviction petition. Davis

---

**1.** Minnesota Statutes § 590.01, subd. 4(a)(2) (2008), provides that a postconviction petition must be filed within two years of the appellate court's disposition of the direct appeal. Davis met that deadline.

also makes several arguments that were not included in his postconviction petition: that the prosecutor committed misconduct at Davis's trial, that Davis's past crimes should not have been admitted as impeachment evidence, and that two pretrial hearings were held without Davis's knowledge or waiver of his presence.

■ We first address Davis's arguments that his trial counsel was ineffective. To demonstrate ineffective assistance of counsel, appellant must show that his counsel's performance fell below an objective standard of reasonableness and that a reasonable probability exists that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Rhodes*, 657 N.W.2d 823, 842 (Minn.2003).

■ The postconviction court correctly rejected Davis's ineffective-assistance-of-counsel claims because Davis presented those claims solely as conclusory, argumentative assertions without factual support. *See Leake*, 737 N.W.2d at 535. In addition, Davis has not explained in his postconviction petition or in his brief how the outcome of his trial might have been different if his counsel had taken any of the actions that he argues should have been taken.

■■ Next we consider Davis's claim that his appellate counsel was ineffective because counsel did not order all of the trial transcripts or sufficiently investigate issues for appeal. These arguments, like Davis's other ineffectiveness arguments, are presented solely as argumentative assertions without factual support. Davis does not identify any issues that his counsel should have pursued but did not. *See id.* And "counsel has no duty to include claims which would detract from other more meritorious issues." *Case v. State*, 364 N.W.2d 797, 800 (Minn.1985). The postconviction court correctly denied these claims.

■ We next address the claims that Davis made on direct appeal and raised again in his postconviction appellate brief. These claims were not mentioned in Davis's postconviction petition. Minnesota Statutes § 590.01, subd. 1(2) (2008), provides that "[a] petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence." That rule was established in *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976), and later incorporated by the Legislature into the postconviction statute. *See* Act of June 2, 2005, ch. 136, art. 14, § 12, 2005 Minn. Laws 901, 1097.

We have already decided Davis's claims about prosecutorial misconduct and the admissibility of past-crimes evidence. *Davis*, 735 N.W.2d at 680–83. We will not reconsider those claims now. Minn.Stat. 590.04, subd. 3 (2008) ("The [postconviction] court ... may summarily deny a petition when the issues raised in it have previously been decided by the Court of Appeals or the Supreme Court in the same case."); *Quick v. State*, 692 N.W.2d 438, 439 (Minn.2005).

■ We next address Davis's argument that he was denied access to two pretrial hearings. Davis did not raise the argument during his direct appeal. He also did not raise that argument in his postconviction petition, and the postconviction court therefore has not addressed it. We will not address that argument for the first time on appeal from a postconviction petition. Minn.Stat. § 590.01, subd. 1(2); *Azure v. State*, 700 N.W.2d 443, 447 (Minn. 2005) (holding that an argument is waived if it is raised for the first time on appeal of

a postconviction proceeding); *Knaffla,* 309 Minn. at 252, 243 N.W.2d at 741.

 Finally, we consider Davis's argument that the postconviction court erred in declining to hold an evidentiary hearing on his petition. A postconviction court is required to hold an evidentiary hearing and make findings of fact and conclusions of law "[u]nless the petition and the files and records of the proceedings conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1 (2008). An evidentiary hearing is unnecessary if the petitioner fails to allege facts that are sufficient to entitle him or her to the relief requested. *Fratzke v. State,* 450 N.W.2d 101, 102 (Minn.1990). Allegations in a postconviction petition must be "more than argumentative assertions without factual support." *Hodgson v. State,* 540 N.W.2d 515, 517 (Minn.1995).

Davis's petition does not identify any issues of material fact to be developed during an evidentiary hearing. *See Fratzke,* 450 N.W.2d at 102 ("[G]eneralized allegations of incompetence [of counsel] are not reason for an evidentiary hearing"). We therefore conclude that the postconviction court did not err in denying Davis's request for an evidentiary hearing.

Affirmed.

STRAS, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.