*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0462**

Raymond Darrel Pfarr, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed November 17, 2014
Affirmed
Larkin, Judge**

Chippewa County District Court
File No. 12-CR-10-160

Raymond Darrel Pfarr, Moose Lake, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

David Gilbertson, Chippewa County Attorney, Montevideo, Minnesota; and

Scott A. Hersey, Special Assistant County Attorney, St. Paul, Minnesota (for respondent)


        Considered and decided by Peterson, Presiding Judge; Hudson, Judge; and Larkin,

Judge.

UNPUBLISHED OPINION

**LARKIN**, Judge

Appellant challenges the postconviction court's summary denial of his petition for postconviction relief, arguing that the state improperly impeached him at trial, his trial attorneys were ineffective, and his appellate attorney was ineffective. We affirm.

## FACTS

Respondent State of Minnesota charged appellant Raymond Darrel Pfarr with third-degree criminal sexual conduct. A jury found Pfarr guilty, and the district court sentenced him to serve 72 months in prison. Pfarr appealed to this court, arguing that the evidence was insufficient to support his conviction, and we affirmed. *State v. Pfarr*, No. A11-592, 2012 WL 1149329, at *1-2 (Minn. App. Apr. 9, 2012).

Later, Pfarr filed a pro se petition for postconviction relief. Pfarr argued that the district court erred by allowing the state to impeach him at trial with his custodial statements because he was not advised of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966), and the police ignored his request for counsel during the interrogation. Pfarr also argued that his trial attorneys were ineffective. Lastly, Pfarr argued that his appellate attorney was ineffective because he met with Pfarr for only one hour during the appellate process and he "should have raised constitutional issues in [the] direct appeal."

The postconviction court concluded that Pfarr's "claims that the state improperly impeached him and that his trial attorneys were ineffective are barred because they could have been raised in his direct appeal." The postconviction court further concluded that

2

Pfarr's "claim that his appellate attorney was ineffective failed to allege sufficient facts to entitle him to relief on that basis." The postconviction court therefore denied Pfarr's petition for postconviction relief without a hearing. This appeal follows.

## DECISION

A postconviction court must hold a hearing on a petition "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2012). We review summary denial of a petition for postconviction relief for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Id.* (quotation omitted).

### I.

Pfarr argues that his claims of improper impeachment and ineffective assistance of trial counsel "should not be procedurally barred."

When "direct appeal has once been taken," all issues raised in the appeal, and all issues "known but not raised, will not be considered [in] a subsequent petition for postconviction relief." *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). "This rule applies if the defendant knew or should have known about the issue at the time of appeal." *King v. State*, 649 N.W.2d 149, 156 (Minn. 2002). There are two exceptions to the *Knaffla* rule. First, a claim will not be barred if its novelty is so great that its legal basis was not reasonably available when direct appeal was taken. *Roby v. State*, 531 N.W.2d 482, 484 (Minn. 1995). Second, even if the claim's legal basis was

3

sufficiently available, substantive review may be allowed "when fairness so requires and when the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal." *Russell v. State*, 562 N.W.2d 670, 672 (Minn. 1997) (quotation omitted).

Pfarr argues that he "could not have possibly known these newly discovered issues at the time of direct appeal." But Pfarr's claims of improper impeachment and ineffective assistance of trial counsel are based on events that occurred at trial and that were known or should have been known at the time of his direct appeal. *See Wright v. State*, 765 N.W.2d 85, 90 (Minn. 2009) (concluding that "[p]ostconviction review of claims other than ineffective assistance of appellate counsel and 'new evidence' is barred because these claims are based on evidence in the trial record, and therefore these 11 claims were known or should have been known to Wright at the time of his direct appeal"); *White v. State*, 711 N.W.2d 106, 110 (Minn. 2006) ("All of these claims can be decided on the basis of the district court record and are therefore *Knaffla*-barred on this postconviction review.").

For example, Pfarr alleged that one of his trial attorneys "was ineffective due to a conflict of interest." As support for that allegation, Pfarr submitted a letter that his attorney sent him explaining that he had represented one of the witnesses against Pfarr at a juvenile-detention hearing. But the letter was dated September 16, 2010, which was before the trial date in this case. And on appeal, Pfarr concedes that he "attempted to address this issue before trial at an omnibus hearing." Thus, Pfarr knew about this issue at the time of his direct appeal. *See Sontoya v. State*, 829 N.W.2d 602, 604 (Minn. 2013) ("Given all of these facts, we hold that Sontoya either knew or should have known about

4

trial counsel's representation of the victim's cousin, and his claim is therefore barred by the *Knaffla* rule.").

Pfarr further argues that "the issues raised on Post-Conviction were in fact novel." But Pfarr does not present a novel legal issue, and he relies on application of longstanding cases such as *Miranda* and *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), to support his claims.

Lastly Pfarr argues that "his extraordinary circumstances be considered" in the "interests of fairness and justice." "Claims decided in the interests of justice require that the claims have substantive merit, and that the defendant did not deliberately and inexcusably fail to raise the issue on direct appeal." *Deegan v. State*, 711 N.W.2d 89, 94 (Minn. 2006) (citation and quotations omitted). The record is clear that Pfarr was aware of the impeachment and trial counsel issues at the time of trial. Pfarr states in his brief that after the prosecutor improperly impeached him at trial, he was left "stuttering and stammering in front of the jury in what would have appeared to be someone attempting to lie." Pfarr also states that he attempted to address his trial attorney's purported conflict of interest "before trial at an omnibus hearing." Pfarr knew of those issues, and he does not establish that his failure to raise the issues on direct appeal was excusable. Therefore, we do not consider the claims in the interests of justice. *See id.*

In sum, the postconviction court did not err by concluding that Pfarr's claims of improper impeachment and ineffective assistance of trial counsel are procedurally barred.

## II.

Pfarr claims that his appellate counsel was ineffective and that the district court should have held an evidentiary hearing on that claim. To receive an evidentiary hearing on a postconviction claim of ineffective assistance of counsel, a petitioner must allege facts that, if proved by a fair preponderance of the evidence, would satisfy the two-prong test of *Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064. *Bobo v. State*, 820 N.W.2d 511, 516 (Minn. 2012). Under that test, "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064. And "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694, 104 S. Ct. at 2068. An appellate court "need not address both the performance and prejudice prongs if one is determinative." *State v. Rhodes*, 657 N.W.2d 823, 842 (Minn. 2003). And "[t]he petitioner must overcome the presumption that counsel's performance fell within a wide range of reasonable representation." *Wright*, 765 N.W.2d at 91 (quotation omitted).

An evidentiary hearing on a claim of ineffective assistance of appellate counsel is not warranted when a petitioner's arguments "are presented solely as argumentative assertions without factual support," or when the petitioner "does not identify any issues that his counsel should have pursued but did not." *Davis v. State*, 784 N.W.2d 387, 391 (Minn. 2010); *see also Wright*, 765 N.W.2d at 91.

6

In his petition for postconviction relief, Pfarr alleged that his appellate attorney met with him for only one hour and that his attorney "should have raised constitutional issues in [the] direct appeal." Pfarr did not identify which constitutional issues he believes his attorney should have pursued. On appeal, Pfarr argues that it was not necessary to explicitly identify the constitutional issues because "it was obvious what issues appellate counsel . . . should have pursued." But "generalized allegations of incompetence [of counsel] are not reason for an evidentiary hearing." *Fratzke v. State*, 450 N.W.2d 101, 102 (Minn. 1990). Pfarr's reliance on what he believes is obvious is insufficient. He had the burden to identify for the postconviction court "any issues that his [appellate] counsel should have pursued but did not." *Davis*, 784 N.W.2d at 391.

Moreover, "[a]ppellate counsel is not required to raise all possible claims on direct appeal, and counsel need not raise a claim if she could have legitimately concluded that it would not prevail." *Arredondo v. State*, 754 N.W.2d 566, 571 (Minn. 2008) (quotation omitted). "And counsel has no duty to include claims which would detract from other more meritorious issues." *Davis*, 784 N.W.2d at 391 (quotation omitted). For example, Pfarr argues that one of the "obvious" claims his appellate counsel should have raised was his improper-impeachment claim. But suppressed statements can generally be used for impeachment purposes. *See Oregon v. Hass*, 420 U.S. 714, 722, 95 S. Ct. 1215, 1221 (1975) (stating that "the shield provided by Miranda is not to be perverted to a license to testify inconsistently, or even perjuriously, free from the risk of confrontation with prior inconsistent utterances").

In sum, Pfarr did not allege facts that would satisfy the two-prong test of *Strickland*. He did not explain how his attorney's representation fell below an objective standard of reasonableness or how, but for his attorney's errors, the result of the appeal would have been different. The postconviction court therefore did not err by summarily rejecting Pfarr's claim that his appellate attorney was ineffective. *See Davis*, 784 N.W.2d at 391.

## III.

Pfarr raises additional issues that were not raised in the postconviction court. For example, he claims that his statement to the police was not voluntary. And he makes several complaints regarding his appellate attorney that he did not raise below. Because he did not raise these issues in his petition for postconviction relief, we do not consider them. *See Azure v. State*, 700 N.W.2d 443, 447 (Minn. 2005) ("It is well settled that a party may not raise issues for the first time on appeal from denial of postconviction relief" (quotation omitted)).

In conclusion, "a postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Riley*, 819 N.W.2d at 167 (quotation omitted). In this case, the postconviction court properly applied the law and its decision is not against logic or the facts in the record. The postconviction court properly reasoned that Pfarr's claims of improper impeachment and ineffective assistance of trial counsel were *Knaffla* barred because Pfarr knew or should have known about the claims at the time of his direct appeal. And the postconviction court properly concluded that Pfarr's "general claim of ineffective

assistance of appellate counsel is . . . insufficiently specific to warrant an evidentiary hearing." There is no basis for this court to reverse.

**Affirmed.**