*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0386**

Francisco Vincent Vargas, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed November 23, 2015
Affirmed
Rodenberg, Judge**

Redwood County District Court
File No. 64-CR-09-142

Cathryn Middlebrook, Chief Appellate Public Defender, Katie Conners, Special Assistant Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Steven S. Collins, Redwood County Attorney, Redwood Falls, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Rodenberg, Judge; and Stoneburner, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**RODENBERG**, Judge

In this appeal from the district court's denial of his petition for postconviction relief without an evidentiary hearing, appellant challenges the district court's conclusion that the state had no obligation to prove that appellant possessed a controlled substance in order to convict him of conspiracy and that his claims therefore fail as a matter of law. We affirm.

**FACTS**

Appellant was arrested in July 2008 and charged with first-degree possession of a controlled substance. The state later amended the complaint, adding a charge of conspiracy to commit first-degree possession of a controlled substance. The state dismissed the first-degree possession charge on the first day of appellant's March 2010 jury trial. The jury convicted appellant of the first-degree conspiracy charge.

This appeal is from the denial of appellant's second petition for postconviction relief. In April 2011, appellant filed his first postconviction petition, alleging that he received ineffective assistance of counsel and challenging the sufficiency of the evidence. Following an evidentiary hearing, the postconviction court denied appellant's petition. On October 1, 2012, we affirmed the denial of that petition for postconviction relief. *State v. Vargas,* No. A10-1233, 2012 WL 4475682, at *5 (Minn. App. Oct. 1, 2012). The facts of this case are set forth in our earlier opinion, and we do not recite them again here.

As relevant to this appeal, a criminalist from the St. Paul Police Department Crime Lab (SPPDCL) testified at trial that a substance seized from a vehicle that appellant was

driving was cocaine, and that it weighed 52.6 grams. Appellant's trial counsel cross-examined the criminalist's testimony concerning, among other things, the SPPDCL's testing procedures, but appellant did not dispute at trial that the substance found in the vehicle was cocaine. Independent testing of the substance was neither requested nor performed. After the state rested, appellant moved to dismiss, arguing that he had been "framed" and that there was no evidence of a conspiracy. The district court denied the motion, finding that there was sufficient evidence to submit the case to the jury, and the jury found appellant guilty of conspiracy to commit first-degree possession.

Appellant now argues that evidence of "massive reliability failures" at the SPPDCL requires a new trial. The postconviction court denied appellant's petition without conducting an evidentiary hearing because it determined that the state was not required to prove that the substance received in evidence at trial was actually cocaine and that appellant's legal claims therefore failed as a matter of law.

## DECISION

We review the denial of postconviction relief for an abuse of discretion. *Reed v. State*, 793 N.W.2d 725, 729 (Minn. 2010). "In doing so, we review the postconviction court's legal conclusions de novo, *see Davis v. State,* 784 N.W.2d 387, 390 (Minn. 2010), and its findings of fact for clear error, *see Doppler v. State*, 771 N.W.2d 867, 875 (Minn. 2009)." *Greer v. State*, 836 N.W.2d 520, 522 (Minn. 2013).

**I.** **Appellant's conspiracy conviction did not require the state to prove the identity of the substance seized when appellant was arrested**

Central to this appeal is whether appellant's conviction required proof that the substance seized by police was actually cocaine. The postconviction court held that the state was not required to so prove, and that the laboratory deficiencies to which appellant points as entitling him to relief are therefore not materially important to his conviction.

To prove the crime of conspiracy to possess a controlled substance, the state must prove that (1) there was an agreement to commit a controlled-substance crime and (2) one of the parties to that agreement committed an overt act in furtherance of that conspiracy. *See* Minn. Stat. §§ 152.096, subd. 1 (2008) (prohibiting conspiracy to commit controlled-substance crimes), 609.175, subd. 2 (2008) (identifying elements of conspiracy crime); *State v. Kuhnau*, 622 N.W.2d 552, 556 (Minn. 2001). "[A] conspiracy to commit a crime is a separate, substantive offense from the crime which is the object of the conspiracy . . . ." *State v. Burns*, 215 Minn. 182, 186, 9 N.W.2d 518, 520 (1943). Because conspiracy is an anticipatory crime, the crime that is the object of the conspiracy need not be completed. *See* Minn. Stat. § 609.175, subd. 2.

Appellant cites *Kuhnau* for the proposition that the state is required to prove all of the elements of the underlying drug offense in addition to the elements of conspiracy, including possession of a controlled substance. *See* 622 N.W.2d at 556 (stating that "[a] conscious and intentional purpose to break the law is an essential element of the crime of conspiracy and consists of two distinct crimes: the conspiracy and the substantive crime, which is the object of the conspiracy"). In *Kuhnau*, the Minnesota Supreme Court held

4

that the district court erred by failing to include the language "whether Kuhnau knew or believed that the substance sold was methamphetamine under the facts presented" in the otherwise appropriate jury instructions. *Id.* at 557. Nothing in *Kuhnau* required the actual sale of a controlled substance. Rather, the state must prove that the accused conspired to commit the crime and intended to sell a controlled substance. *Id.*

Here, the first-degree possession charged was dismissed before trial, and appellant was tried only on the conspiracy charge. Appellant did not challenge at trial that the substance at issue was cocaine. Rather, he maintained that he was not part of any conspiracy concerning it and that he had been "framed." As required by *Kuhnau*, the district court instructed the jury that it was required to find that the state had proven appellant's agreement to commit a controlled-substance crime in order to convict.

In *State v. Deshay*, we noted that "[t]he conspiracy statute does not require that the state prove DeShay *personally* sold ten or more grams of cocaine within a 90-day period; only that he *participated in an agreement* to sell ten or more grams of cocaine within a 90-day period." 645 N.W.2d 185, 190-91 (Minn. App. 2002), *aff'd*, 669 N.W.2d 878 (Minn. 2003). Similarly, the state was not required to prove here that appellant actually possessed more than 25 grams of cocaine. Rather, the state needed to prove that appellant participated in an agreement to possess more than 25 grams of cocaine. We determined in an earlier appeal that the evidence was sufficient to sustain his conviction. *Vargas*, 2012 WL 4475682, at *9. Consequently, the postconviction court did not err in determining that the state was not required to prove that appellant possessed cocaine under Minn. Stat. § 152.096, subd. 1.

## II. Denial of appellant's petition for postconviction relief

Appellant, as the petitioner for postconviction relief, has the burden to prove his entitlement to postconviction relief by a fair preponderance of the evidence. Minn. Stat. § 590.04, subd. 3 (2014). "To meet that burden, a petitioner's allegations must be supported by more than mere argumentative assertions that lack factual support." *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005). A postconviction court may summarily deny a petition for relief without an evidentiary hearing if the files and records conclusively show that the petitioner is not entitled to relief. Minn. Stat. § 590.04, subd. 1 (2014). We review such a denial for abuse of discretion. *Chambers v. State*, 831 N.W.2d 311, 318 (Minn. 2013).

### A. Newly discovered evidence and false or misleading testimony

Appellant's first two arguments rely on the premise that his claims concerning problems at the SPPDCL qualify as newly discovered evidence. To qualify as newly discovered evidence warranting a new trial, the information must (1) not have been known to the defendant at the time of trial; (2) not have been discoverable through due diligence before trial; (3) not be cumulative, impeaching, or doubtful; and (4) be likely to have produced a more favorable result at trial. *Rainer v. State*, 566 N.W.2d 692, 695 (Minn. 1997).

Here, even if all of appellant's allegations concerning SPPDCL problems are true, the outcome of his trial would not have been any different. There was no argument at trial concerning whether the substance found in the vehicle was cocaine. Rather, appellant argued that there was no evidence of his involvement in a conspiracy. As

6

discussed above, the state was required to prove that appellant participated in an agreement to possess more than 25 grams of a controlled substance, but was not obligated to prove that he possessed cocaine. *See* Minn. Stat. § 152.021, subd. 2(1) (2008).

Further, appellant asserts that evidence of SPPDCL problems shows that the criminalist gave false testimony. Appellant cites *State v. Caldwell*, 322 N.W.2d 574, 585 (1982), to support his claim that he need only show that evidence of SPPDCL problems *might* have caused the jury to reach a different conclusion. But *Caldwell* involves a situation where false testimony was relied on concerning the issue of identity. *Id.* at 585-86. There, the false or misleading testimony was critical to the conviction. *Id.* Here, the testimony concerning identification of the substance was not necessary to the conviction. As such, the SPPDCL irregularities would, at most, have had impeachment value on a subject not required to be proven as an element of the charged crime. *See Sentinel Mgmt. Co. v. Aetna Cas. & Sur. Co.*, 615 N.W.2d 819, 824-25 (Minn. 2000) (holding that alleged deficiencies in expert witness's methodology "went to the weight, rather than to the admissibility of his testimony"). Even if the jury had known of the claimed SPPDCL testing problems, its verdict would not have been different. The issue here was whether appellant was part of a conspiracy to possess cocaine, and not whether he completed that conspiracy by actually possessing cocaine.

**B.     *Brady* violation**

Appellant argues that the state's failure to disclose SPPDCL's testing deficiencies before trial was a violation of its obligation to disclose exculpatory or impeaching evidence under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963). To warrant relief

7

under *Brady*, a petitioner must establish that (1) the evidence not disclosed was favorable to him as exculpatory or impeaching; (2) the evidence was suppressed by the prosecution; and (3) the evidence was material, resulting in prejudice to the petitioner. *Walen v. State*, 777 N.W.2d 213, 216 (Minn. 2010). The state's suppression of evidence results in prejudice if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* (quotation omitted).

Here, the postconviction court correctly concluded that appellant was not prejudiced by the evidence, regardless of the other *Brady* requirements, because whether the substance was actually cocaine was not material to the conspiracy charge. Appellant did not allege facts demonstrating that evidence of the testing deficiencies, if admitted, would have changed the result of the proceeding given the nature of his conviction. Appellant is therefore not entitled to relief under *Brady*.

## C. Due process violation

Both the United States and Minnesota constitutions require that an individual receive "adequate notice and an opportunity to be heard before being deprived of life, liberty, or property." *Christopher v. Windom Area Sch. Bd.*, 781 N.W.2d 904, 911 (Minn. App. 2010). "This court reviews the procedural due process afforded a party de novo." *Staeheli v. City of St. Paul*, 732 N.W.2d 298, 304 (Minn. App. 2007). "To determine whether an individual's right to procedural due process has been violated, a reviewing court must first determine whether a protected liberty or property interest is implicated and then determine what process is due by applying a balancing test." *State v. Ness*, 819 N.W.2d 219, 225 (Minn. App. 2012), *aff'd*, 834 N.W.2d 177 (Minn. 2013).

Appellant argues that he is entitled to a new trial because the state violated his due process right by using unreliable scientific evidence from the SPPDCL. He relies on *State v. Schwartz*, 447 N.W.2d 422, 427 (Minn. 1989), to argue that the use of unreliable scientific evidence implicates a liberty interest that must be afforded due process. *Schwartz* addressed due process concerns regarding the reliability of DNA testing and its use at trial. 447 N.W.2d at 427. In order to ensure a fair trial, the "test data and methodology must be available for independent review by the opposing party." *Id.* at 423.

Here, appellant was able to review the SPPDCL's test results and cross-examine the criminalist regarding the details of the testing procedures. He did not conduct independent testing and does not allege on appeal that he was deprived of an opportunity to do so. And because the state was not required to prove that the substance was actually cocaine, any such independent testing or attach on the SPPDCL's processes would not have had any bearing on the conspiracy charge of which appellant was convicted. Appellant was not denied due process of law under *Schwartz*.

### D. Ineffective assistance of counsel

Appellant argues that the postconviction court erred by denying his petition for postconviction relief because his trial counsel was ineffective for failing to investigate SPPDCL's testing procedures and protocols. To prevail on a claim of ineffective assistance of counsel, appellant must demonstrate that "(1) . . . his counsel's representation 'fell below an objective standard of reasonableness'; and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

9

proceeding would have been different.'" *Nissalke v. State*, 861 N.W.2d 88, 94 (Minn. 2015) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064, 2068 (1984)). "The extent of counsel's investigation is considered a part of trial strategy," which we generally do not review. *Opsahl v. State*, 677 N.W.2d 414, 421 (Minn. 2004).

Appellant argues in mercurial fashion *both* that the evidence concerning the SPPDCL could not have been discovered through due diligence *and* that his defense counsel erred in not properly investigating the lab results, its procedures, or the criminalist's credentials, the very things that he claims could not have been discovered through due diligence. Appellant's clear trial strategy was that he was not part of any conspiracy concerning cocaine, but had instead been framed. In that context, and given that the state was not required to prove that the seized substance was cocaine, counsel's performance was not deficient, nor would revelations of the SPPDCL problems have made any difference at trial. The postconviction court correctly concluded that appellant failed to satisfy the requirements of *Strickland*.

## III. Denial of appellant's request for an evidentiary hearing

Finally, appellant argues that the postconviction court erred when it denied his petition without holding an evidentiary hearing. "On appeal from a summary denial of postconviction relief, we examine whether sufficient evidence exists to support the postconviction court's findings and will reverse those findings only upon proof that the postconviction court abused its discretion." *Ives v. State*, 655 N.W.2d 633, 635 (Minn. 2003); *see also Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). When a petition for

10

postconviction relief is filed, "the court shall promptly set an early hearing on the petition and response thereto, and promptly determine the issues" unless the "petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1. (2014). An evidentiary hearing is not required unless there are material facts in dispute that must be resolved to determine the postconviction claim on its merits. *Powers*, 695 N.W.2d at 374.

The record conclusively shows that appellant is not entitled to relief. His conviction for conspiracy to commit first-degree possession of a controlled substance does not depend on proof of the identification of the substance seized, but instead on whether appellant was a participant in a conspiracy to commit the crime coupled with an overt act in furtherance of that crime. *Kuhnau*, 622 N.W.2d at 556. The postconviction court did not err in denying appellant's petition without an evidentiary hearing.

**Affirmed.**