**STATE of Minnesota, Respondent,**

v.

**Raven A. TRACY, Appellant.**

No. C4–02–1662.

Court of Appeals of Minnesota.

Aug. 8, 2003.

## OPINION

PETERSON, Judge.

Appellant Raven A. Tracy was convicted of conspiracy to commit a first-degree controlled-substance crime in violation of Minn.Stat. §§ 152.021, subd. 1(1) (sale of controlled substance), 152.096, subd. 1 (2000) (prohibiting conspiracies); and conspiracy to commit a controlled-substance crime in violation of Minn.Stat. §§ 152.0261, subd. 1 (importing controlled substance across state borders), 152.096, subd. 1 (2000) (prohibiting conspiracies). In this appeal from her conviction of conspiracy to import a controlled substance, appellant argues that (1) Minn.Stat. § 152.0261 (2000) is violated only where a defendant crosses a Minnesota border while in possession of a controlled substance; and (2) the evidence fails to support the court's verdict that she was guilty of conspiring to import a controlled substance across state borders. Alternatively, appellant argues that because her convictions were part of a single behavioral incident, she should not have been sentenced on both convictions. We reverse.

Mike Hatch, Attorney General, Thomas R. Ragatz, Assistant Attorney General, St. Paul, MN; and Lisa Borgen, Clay County Attorney, Clay County Courthouse, Moorhead, MN, for respondent.

John M. Stuart, State Public Defender, Roy G. Spurbeck, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by PETERSON, Presiding Judge, ANDERSON, Judge, and PARKER, Judge.*

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

## FACTS

When police officers executed a search warrant at the residence of Patricia Schwartz in Moorhead, Minnesota, they found: 17 grams of methamphetamine; drug paraphernalia for personal use of controlled substances and for use in the sale and distribution of controlled substances; an "owed/paid" list; two address books that contained appellant's name with a California address; and an envelope addressed to "R. Tracy" at a San Leandro, California address. The envelope contained $8,000 and a letter purportedly ref-

Minn. Const. art. VI, § 10.

erencing several drug transactions between appellant and Schwartz.

Based on the evidence found in Schwartz's home, officials in California executed a search warrant at appellant's California address. Officers found a small amount of methamphetamine and an address book containing Schwartz's name and address. Subpoenaed telephone records showed numerous calls between appellant and Schwartz.

Appellant stipulated that she and Schwartz had an arrangement under which appellant provided methamphetamine to Schwartz, and Schwartz divided up and sold the methamphetamine in Clay County, Minnesota. Schwartz then mailed to appellant the cash she received for the methamphetamine. The specific arrangements were made by telephone, and the United States postal service was used to deliver the drugs and money.

Two of Schwartz's friends, Michelle Specht and Carl Renecker, occasionally received packages of methamphetamine from appellant, which they, in turn, routed to Schwartz.[1]

Following a bench trial, the court found appellant guilty of conspiracy to commit a first-degree controlled-substance crime in violation of Minn.Stat. §§ 152.021, subd. 1(1) (sale of controlled substance), 152.096, subd. 1 (2000) (prohibiting conspiracies); and conspiracy to commit a controlled-substance crime in violation of Minn.Stat. §§ 152.0261, subd. 1 (importing controlled substance across state borders), 152.096, subd. 1 (2000) (prohibiting conspiracies). The court sentenced appellant to concurrent terms of 105 months for conspiracy to sell and 129 months for conspiracy to import a controlled substance.

In her appeal to this court, appellant challenges the sufficiency of the evidence to support her conviction of conspiracy to import a controlled substance. During oral argument, the state argued that appellant waived her sufficiency-of-the-evidence claim when she entered a Lothenbach plea.

## ISSUES

1. Did appellant waive her sufficiency-of-the-evidence claim?

2. Is the evidence sufficient to convict appellant of conspiring to import a controlled substance across a Minnesota border in violation of Minn.Stat. §§ 152.0261, subd. 1, 152.096, subd. 1 (2000)?

## ANALYSIS

Minn.Stat. § 152.0261, subd. 1 (2000), provides:

A person who crosses a state or international border into Minnesota while in possession of an amount of a controlled substance that constitutes a first degree controlled substance crime under section 152.021, subdivision 2, is guilty of importing controlled substances and may be sentenced as provided in subdivision 3.

Minn.Stat. § 152.096, subd. 1 (2000), provides:

Any person who conspires to commit any act prohibited by this chapter * * * is guilty of a felony and upon conviction may be imprisoned, fined, or both, up to the maximum amount authorized by law for the act the person conspired to commit.

Appellant argues that the evidence is insufficient to prove beyond a reasonable doubt that she conspired to import a controlled substance across a Minnesota bor-

---

**1.** Schwartz pleaded guilty to second-degree controlled-substance crime, and Renecker pleaded guilty to second-degree conspiracy to commit a controlled substance crime.

der because there is no evidence that the conspirators agreed that they would physically cross a Minnesota border while in possession of a controlled substance.

■ 1. Citing *State v. Busse*, 644 N.W.2d 79 (Minn.2002), the state argued for the first time at oral argument that because appellant entered a Lothenbach plea, she waived any claim that the evidence is not sufficient to support her conviction.[2] The state provided written notice that pursuant to Minn. R. Civ.App. P. 128.05, it intended to cite *Busse* at oral argument.

Minn. R. Civ.App. P. 128.05 states:

If pertinent and significant authorities come to a party's attention after the party's brief has been filed or after oral argument but before decision, a party may promptly advise the clerk of the appellate courts by letter, with a copy to all other parties, setting forth the citations. The letter must state without argument the reasons for the supplemental citations, referring either to the page of the brief or to the point argued orally. Any response must be made promptly and must be similarly limited.

Minn. R. Civ.App. P. 128.05 (2000) advisory comm. cmt. states:

The rule contemplates a very short submission, simply providing the citation of the new authority and enough information so the court can determine what previously-made argument it relates to.

■ Rule 128.05 does not authorize a party to raise issues at oral argument that were not previously raised; it authorizes a party to provide supplemental citations of new authority for an argument that was previously made. Because the state did not argue in its brief that appellant waived her sufficiency-of-the-evidence claim when she entered a Lothenbach plea,[3] it may not make this argument for the first time during oral argument. *See State v. Butcher*, 563 N.W.2d 776, 780 (Minn.App.1997) (issues not briefed on appeal are waived); *review denied* (Minn. Aug. 5, 1997). We, therefore, decline to address the waiver issue.

2. In considering a claim of insufficient evidence, this court's review is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in the light most favorable to the conviction, is sufficient to permit the jurors to reach the verdict that they did. *State v. Webb*, 440 N.W.2d 426, 430 (Minn.1989). The reviewing court must assume that the jury believed the state's witnesses and disbelieved any contrary evidence. *State v. Moore*, 438 N.W.2d 101, 108 (Minn.1989). The reviewing court will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the charged offense. *State v. Alton*, 432 N.W.2d 754, 756 (Minn.1988).

■ Appellant waived her right to a jury trial, and, consequently, the district court was the fact-finder.

It is well established that the findings of the [district] court, after waiver of a jury trial by a defendant, are entitled to the same weight as a jury verdict.

---

**2.** Pursuant to *State v. Lothenbach*, 296 N.W.2d 854, 857 (Minn.1980), a defendant may preserve pretrial issues for appellate review by entering a plea of not guilty, waiving the right to a jury trial, and then stipulating to the prosecution's case.

**3.** Appellant contended at oral argument that she did not enter a Lothenbach plea. Because we conclude that the state may not raise this issue for the first time during oral argument, we need not determine whether appellant entered a Lothenbach plea.

*State v. Bouwman,* 354 N.W.2d 1, 4 (Minn. 1984) (quotation and citations omitted).

 Whether a statute has been properly construed is a question of law subject to de novo review. *State v. Murphy,* 545 N.W.2d 909, 914 (Minn.1996). When the words in a statute are clear and unambiguous, courts must give effect to their plain meaning. Minn.Stat. § 645.16 (2002); *McCaleb v. Jackson,* 307 Minn. 15, 17 n. 2, 239 N.W.2d 187, 188 n. 2 (1976). A statute may not be interpreted to create criminal offenses that the legislature did not contemplate. *State v. Soto,* 378 N.W.2d 625, 627–28 (Minn.1985).

> The rule of strict construction of criminal statutes is essential to guard against the creation of criminal offenses outside the contemplation of the legislature, under the guise of "judicial construction."

*Id.* at 628 (citations omitted). However, this court is not required to give a statute the narrowest possible interpretation. *State v. Wagner,* 555 N.W.2d 752, 754 (Minn.App.1996).

> [T]he crime of conspiracy requires (1) an agreement between two or more people to commit a crime and (2) an overt act in furtherance of the conspiracy.

*State v. Kuhnau,* 622 N.W.2d 552, 556 (Minn.2001). Proof of a formal agreement to commit a crime is not required, but there must be evidence that objectively indicates an agreement between the parties to commit a crime. *State v. Hatfield,* 639 N.W.2d 372, 376 (Minn.2002). The elements of the underlying crime need not be proven to establish conspiracy since the crime itself need not be proven to prove conspiracy. *State v. Strodtman,* 399 N.W.2d 610, 615 (Minn.App.1987), *review denied* (Minn. Mar. 25, 1987). But, there must be "both knowledge of an agreement and evidence of intent to commit the crime or act that is the object of the conspiracy." *Kuhnau,* 622 N.W.2d at 556.

Appellant was convicted of conspiring to violate Minn.Stat. § 152.0261, subd. 1. Under that statute, a violation occurs when a person "crosses a state or international border into Minnesota while in possession of [a specified] amount of a controlled substance." Therefore, to prove the conspiracy, there must be evidence that objectively indicates an agreement to cross a border into Minnesota while in possession of a controlled substance.

 Appellant stipulated that she mailed methamphetamine to Schwartz and Reneker in Minnesota. There is no evidence that appellant, Schwartz, Reneker, or Specht agreed to cross a Minnesota border while possessing the methamphetamine or that any of them crossed a Minnesota border while possessing the methamphetamine. The packages of methamphetamine crossed a Minnesota border in the mail.

 The state argues that appellant has cited no authority that supports her argument that a criminal conspiracy exists only when the agreement of the conspirators is that members of the conspiracy will perform all the acts necessary to commit the crime. But Minn.Stat. § 152.096, subd. 1, explicitly provides that "[a]ny person who conspires to commit any act prohibited by this chapter * * * is guilty of a felony," and the act that is prohibited by Minn.Stat. § 152.0261, subd. 1, is crossing a Minnesota border while in possession of a specified amount of a controlled substance. The plain language of Minn.Stat. § 152.096, subd. 1, requires that the conspirators conspire to commit a prohibited act, which does not include conspiring to cause another to commit a prohibited act.

[W]hen a statutory question involves the failure of expression rather than the ambiguity of expression, this court is not

free to substitute amendment for construction and thereby supply the omissions of the legislature.

*Tracy State Bank v. Tracy–Garvin Coop.,* 573 N.W.2d 393, 395 (Minn.App.1998) (citing *State v. Moseng,* 254 Minn. 263, 269, 95 N.W.2d 6, 11–12 (1959) (other citations omitted)); *see* Minn.Stat. § 645.16 (stating where words of law are clear and free from ambiguity, courts shall not disregard letter of law under pretext of pursuing spirit); *see also State v. Collins,* 580 N.W.2d 36, 41 (Minn.App.1998) (stating rule of lenity is to ensure that criminal statutes provide fair warning concerning illegal conduct), *review denied* (Minn. July 16, 1998).

■ Citing *State v. Burns,* 215 Minn. 182, 9 N.W.2d 518 (1943), the state argues that even though postal-service personnel had no knowledge of the conspiracy, a conspiracy agreement existed among appellant, Schwartz, Renecker, and Specht, because general agency principles and the doctrine of respondeat superior provide that a principal is liable for an agent's actions, and the postal-service personnel were appellant's agents. The state misinterprets *Burns.*

In *Burns,* the defendants were convicted of conspiring to cheat and defraud an individual by means of false representations made by their employee. 215 Minn. at 182, 9 N.W.2d at 518–19. In reversing the convictions, the supreme court stated:

> In order to hold defendants criminally liable, it would be necessary to impute to them under the doctrine of respondeat superior actual knowledge of * * * facts known only by their employee.

*Id.* at 187, 9 N.W.2d at 520. The state construes this language to mean that under the doctrine of respondeat superior, an employer is criminally liable if the employer has actual knowledge of facts known by an employee. But, in *Burns,* the supreme court declined to apply the doctrine of respondeat superior to conspiracy crimes. *Id.* at 187–189, 9 N.W.2d at 520–21. The court explained, "Ordinarily, the doctrine of respondeat superior has no application in criminal cases" because "[c]riminal liability for conspiracy is predicated upon personal guilt." *Id.* at 187–88, 9 N.W.2d at 520–21. Exceptions to the rule concern statutes that expressly or implicitly provide for vicarious liability and generally relate to the sale of liquor and food and similar regulations. *Id.* at 188, 9 N.W.2d at 521. Minn.Stat. § 152.096, subd. 1, does not expressly or implicitly provide for vicarious liability.

Finally, the state argues that appellant fails to account for Specht's involvement in the conspiracy. The state contends that because appellant stipulated to the fact that Schwartz arranged for methamphetamine to be sent to both Specht and Renecker, and because Specht lived in North Dakota, whenever Schwartz obtained a package of methamphetamine from Specht, one of them necessarily crossed the Minnesota border. But the facts to which appellant stipulated indicate only that Schwartz had appellant send drugs to Renecker and Specht. There is no evidence that indicates how the drugs moved from Specht to Schwartz.

We conclude that because there is no evidence that the alleged conspirators agreed that one of them would cross a Minnesota border while in possession of a controlled substance, the evidence was not sufficient to convict appellant of conspiracy to import a controlled substance across a state border, and therefore, we reverse appellant's conviction.

Because we reverse appellant's conviction for conspiracy to import a controlled substance across a state border, the sentence for that crime is necessarily vacated.

## DECISION

The state may not argue for the first time during oral argument that appellant waived her sufficiency-of-the-evidence claim when she entered a Lothenbach plea. Because there is no evidence that appellant, Schwartz, Reneker, or Specht agreed to cross a Minnesota border while possessing a controlled substance, the evidence is not sufficient to convict appellant of conspiracy to import a controlled substance across a state border in violation of Minn. Stat. §§ 152.0261, subd. 1, 152.096, subd. 1 (2000). Therefore, we reverse appellant's conviction of conspiracy to import a controlled substance across a state border.

**Reversed.**