*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1716**

State of Minnesota,
Respondent,

vs.

Evalyn Lia Bheaanu,
Appellant.

**Filed July 14, 2014
Affirmed
Bjorkman, Judge**

Hennepin County District Court
File No. 27-CR-12-7217

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Kelly O'Neill Moller, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Stephanie A. Karri, Plymouth, Minnesota (for appellant)

Considered and decided by Ross, Presiding Judge; Bjorkman, Judge; and Kirk, Judge.

# UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant challenges her conviction of conspiracy to commit first-degree sale of a controlled substance, arguing that her guilty plea is not accurate. We affirm.

**FACTS**

After an FBI investigation into a large methamphetamine-distribution operation in the Twin Cities, respondent State of Minnesota charged 13 individuals with various controlled-substance crimes. In a 30-page complaint that detailed the FBI's investigation, appellant Evalyn Lia Bheaanu was charged with conspiracy to commit first-degree sale of a controlled substance.

Bheaanu agreed to enter a "straight [guilty] plea" to the charged offense, with the option to move for a sentencing departure. In support of her plea, Bheaanu admitted that in January and February 2012 she purchased methamphetamine from co-defendant Koua "Jimmy" Yang, who had "admitted . . . that he was very involved in the sale of methamphetamine in the Twin Cities area." *Accord State v. Ayala-Leyva*, ___ N.W.2d ___, ___, 2014 WL 2013325, at *3 (Minn. App. May 19, 2014) (discussing Yang's testimony about the methamphetamine operation at another co-defendant's trial), *pet. for review filed* (Minn. June 18, 2014). Bheaanu stated that she did not sell or intend to sell the methamphetamine she purchased but acknowledged that Yang and her other co-defendants would testify that she sold or purchased with intent to sell at least four "balls" of methamphetamine and that police had recordings of telephone conversations between her and Yang consistent with that anticipated testimony. Bheaanu also acknowledged there was a substantial likelihood a jury would find her guilty based on the available evidence. Characterizing Bheaanu's testimony as part *Alford* plea and part straight guilty plea, the district court considered it along with the complaint and the recorded telephone conversations and found that there was an "extreme likelihood that the jury would find

guilt under the circumstances regarding the conspiracy to actually sell." The district court accepted Bheaanu's plea.

Bheaanu moved for downward dispositional and durational sentencing departures. The district court denied the motion and imposed a presumptive sentence of 146 months' imprisonment. This appeal follows.

## DECISION

A defendant does not have an absolute right to withdraw a guilty plea. *State v. Farnsworth*, 738 N.W.2d 364, 371 (Minn. 2007). After sentencing, a defendant may withdraw a guilty plea only if "withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. Manifest injustice exists when a guilty plea is invalid. *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). A valid guilty plea must be accurate, voluntary, and intelligent. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). The validity of a guilty plea is a question of law, which we review de novo. *Lussier v. State*, 821 N.W.2d 581, 588 (Minn. 2012). The defendant bears the burden of establishing that the plea was invalid. *Raleigh*, 778 N.W.2d at 94.

### Accuracy

Bheaanu principally challenges the accuracy of her guilty plea, arguing that it is not supported by a sufficient factual basis. The accuracy requirement is satisfied if the record as a whole contains sufficient facts to support a conclusion that defendant's conduct falls within the charge to which she desires to plead guilty. *State v. Iverson*, 664 N.W.2d 346, 349 (Minn. 2003); *see also Lussier*, 821 N.W.2d at 589 ("[T]he plea

petition and colloquy may be supplemented by other evidence to establish the factual basis for a plea.").

Bheaanu contends the factual basis for her plea is inadequate because she did not admit that she "unlawfully sold 10 grams or more of methamphetamine" during a 90-day period. We disagree. First, Bheaanu's argument is premised on a misstatement of the applicable law. The conduct Bheaanu describes is first-degree sale of methamphetamine. But she pleaded guilty to *conspiracy to commit* first-degree sale of methamphetamine. Conspiracy entails an agreement between two or more people to commit a crime and an overt act in furtherance of the conspiracy. *See State v. Kuhnau*, 622 N.W.2d 552, 556 (Minn. 2001) (discussing essential elements of controlled-substance conspiracy crime). "The elements of the underlying crime need not be proven to establish conspiracy since the crime itself need not be proven to prove conspiracy." *State v. Tracy*, 667 N.W.2d 141, 146 (Minn. App. 2003). Bheaanu's failure to admit an element of the completed offense does not invalidate her plea of guilty to conspiring to commit that offense.

Second, the record contains sufficient facts establishing the quantity of methamphetamine that Bheaanu conspired to sell. Bheaanu testified that she told Yang (in a recorded telephone conversation) that she sold methamphetamine to a man, received $500 from him in return, and that the man still owed her another $900. She also testified that Yang gave her "four balls" of methamphetamine. When asked if "four balls is 14 grams," Bheaanu replied, "I don't know, it looks like whole bunch of stuff. I don't weigh them." But she agreed that "[i]f experts would say that a ball is 3.5 grams, then four of those would be 14 grams." And the complaint provides additional factual support. The

4

complainant FBI special agent indicated that, based on his training and 21 years' experience, "'4 balls' refers to four 'eightballs,' or one half-ounce of methamphetamine." Bheaanu judicially admitted this and similar statements in the complaint by pleading guilty. *See State v. Trott*, 338 N.W.2d 248, 252 (Minn. 1983) (relying on the complaint in examining the plea because the defendant, by pleading guilty, "in effect judicially admitted the allegations contained in the complaint").

Viewed as a whole, the record contains sufficient evidence to establish that Bheaanu agreed to receive at least ten ounces of methamphetamine from Yang and sell it to others, and that she committed overt acts in furtherance of that agreement. Accordingly, we conclude Bheaanu's plea is accurate.

**Voluntariness**

In a pro se supplemental brief, Bheaanu also challenges the voluntariness of her guilty plea. "The voluntariness requirement insures that a guilty plea is not entered because of any improper pressures or inducements." *State v. Brown*, 606 N.W.2d 670, 674 (Minn. 2000) (quotation omitted). To analyze the voluntariness requirement, we examine "what the parties reasonably understood to be the terms of the plea agreement." *Raleigh*, 778 N.W.2d at 96. In doing so, we consider the defendant's indications of voluntariness on the record. *See id.* (rejecting claims of "extreme stress," irrational thinking, and fear of federal prosecution when defendant's statements indicated voluntariness).

Bheaanu contends that she was pressured to plead guilty, taken advantage of because of her mental illness and drug addiction, and misled by promises of a

5

probationary sentence.  The record indicates otherwise.  Bheaanu expressly stated that she was voluntarily entering a guilty plea.  She discussed her history of mental-health issues but indicated that she was not currently receiving treatment or medication and was competent to proceed.  And the sentencing issue was thoroughly addressed.  Bheaanu indicated her understanding that the presumptive sentence was 146 months, and that the term would be spent in prison, rather than on probation.  Bheaanu agreed that she was seeking a sentencing departure but acknowledged that she had not been promised any particular outcome.  On this record, we conclude that Bheaanu voluntarily pleaded guilty.

**Affirmed.**