*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0937**

State of Minnesota,
Respondent,

vs.

Gerald Raymond Gustafson,
Appellant.

**Filed February 17, 2015
Affirmed
Stauber, Judge**

Beltrami County District Court
File No. 04-CR-12-3614

Lori Swanson, Minnesota Attorney General, St. Paul, Minnesota; and

Timothy R. Faver, Beltrami County Attorney, David P. Frank, Assistant County Attorney, Bemidji, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Veronica Surges Shacka, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Stauber, Presiding Judge; Worke, Judge; and Stoneburner, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**STAUBER**, Judge

Appellant argues that he is entitled to withdraw his guilty plea because his plea was inaccurate and involuntary. We affirm.

## FACTS

In October 2012, appellant Gerald Gustafson was charged with first-degree conspiracy to sell methamphetamine in violation of Minn. Stat. § 152.021, subd. 1 (2012). Because appellant has a significant criminal history, the state informed appellant that it would be seeking an upward departure from the guidelines sentence due to appellant's status as a "career offender." Appellant subsequently agreed to plead guilty to the charged offense. In exchange for appellant's guilty plea, the state agreed to withdraw its request for an upward departure and instead recommend a "bottom of the box" guidelines sentence, which would result in a 135-month sentence.

Appellant failed to appear for sentencing and was later apprehended in Arizona. At the sentencing hearing following appellant's extradition to Minnesota, appellant stated that he did not wish to withdraw his guilty plea and requested a bottom-of-the-box sentence consistent with the terms of the plea agreement. Conversely, the state recommend a top-of-the-box guidelines sentence of 189 months due to its position that it was no longer bound by the terms of the original plea agreement. The district court agreed with the state and sentenced appellant to 189 months in prison. This appeal followed.

A challenge on direct appeal to the validity of a guilty plea is permitted when the record contains factual support for the defendant's claims and when no disputes of material fact must be resolved to evaluate the claim on the merits. *State v. Anyanwu*, 681 N.W.2d 411, 413 n.1 (Minn. App. 2004). "A defendant bears the burden of showing his plea was invalid." *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). The validity of a plea is a question of law that is reviewed de novo. *Id.*

To withdraw a guilty plea after sentencing, a defendant must show the withdrawal is necessary to correct a manifest injustice. *Id.* at 93 (citing Minn. R. Crim. P. 15.05, subd. 1). A guilty plea is invalid and manifestly unjust if it is not voluntary, intelligent, and accurate. *Id.* at 94. If a guilty plea fails to meet any of these three requirements, the plea is invalid. *State v. Theis*, 742 N.W.2d 643, 650 (Minn. 2007). Appellant challenges only the accuracy and voluntariness of his plea.

## I.    Accuracy

The accuracy requirement protects defendants from pleading guilty to crimes that are more serious than the crimes they could be convicted of at trial. *Lussier v. State*, 821 N.W.2d 581, 588 (Minn. 2012). "A proper factual basis must be established for a guilty plea to be accurate." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). A plea's factual basis is adequate if there are "sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *State v. Iverson*, 664 N.W.2d 346, 349 (Minn. 2003) (quotation omitted). The factual basis of the plea, however, becomes "inadequate when the defendant makes statements

that negate an essential element of the charged crime because such statements are inconsistent with a plea of guilty." *Id.* at 350.

Appellant argues that his plea lacked an adequate factual basis and was therefore inaccurate because he failed to admit the requisite elements for first-degree conspiracy to sell methamphetamine and instead maintained his innocence throughout the proceedings. Appellant asserts that his "unwillingness to rescind his claim of innocence led the State to ask a multitude of leading questions throughout [the] plea hearing." Appellant further argues that it was "vital that [he] admit to selling ten grams or more of methamphetamine," and that his "continued denial on the record about an important element of first-degree sales is in direct contradiction to the goal of establishing an adequate factual basis for his guilty plea."

Appellant's argument is without merit because it is premised on his misstatement of the applicable law. The conduct appellant describes is first-degree sale of methamphetamine. But he pleaded guilty to *conspiracy* to *commit* first-degree sale of methamphetamine, which required the state to prove that appellant conspired to sell one or more mixtures of a total weight of 10 grams or more containing methamphetamine within a 90-day period. *See* Minn. Stat. § 152.021, subd. 1(1). Conspiracy entails an agreement between two or more people to commit an overt act in furtherance of the conspiracy. *See State v. Kuhnau*, 622 N.W.2d 552, 556 (Minn. 2001) (discussing essential elements of controlled-substance conspiracy crime). "The elements of the underlying crime need not be proven to establish conspiracy since the crime itself need not be proven to prove conspiracy." *State v. Tracy*, 667 N.W.2d 141, 146 (Minn. App.

4

2003). Thus, any failure by appellant to admit an element of the completed offense would not invalidate his plea of guilty to conspiring to commit that offense.

Moreover, the record contains sufficient facts establishing the quantity of methamphetamine that appellant conspired to sell. Although the record reflects that appellant was reluctant to admit the facts of the offense, when asked if he believed that "with all the weights that were added up," the total weight of the methamphetamine "went over ten grams," appellant answered "[y]eah." Appellant also admitted that he was the "source" of at least ten or more grams of the methamphetamine that was provided to his co-conspirators. Appellant further testified that S.G. "called me up and asked if I could get him some drugs. I got him some. He took them down to . . . [T.H.], I guess it was, and gave it to him. And he sold them. There was two different packages there." Appellant's testimony is sufficient to establish that he agreed to give at least ten grams of methamphetamine to S.G. and/or T.H. to sell to others and that he committed overt acts in furtherance of that agreement.

Finally, the supreme court has cautioned against guilty pleas being made through the use of leading questions to which defendants provide only "yes" or "no" responses. *See, e.g., Lussier*, 821 N.W.2d at 589 ("[W]e have cautioned against the use of exclusively leading questions to establish a proper factual basis for a guilty plea."); *Ecker*, 524 N.W.2d at 717 ("[W]e again discourage the use of leading questions to establish a factual basis."). But pleas have not been deemed inaccurate simply because they were made under such circumstances. *See, e.g., Lussier*, 821 N.W.2d at 589;

*Raleigh*, 778 N.W.2d at 95-96; *Ecker*, 524 N.W.2d at 717.  Therefore, appellant has not satisfied his burden of proving that his guilty plea was inaccurate.

## II.    Voluntariness

The voluntariness requirement of a valid guilty plea "insures that a guilty plea is not entered because of any improper pressures or inducements."  *State v. Brown*, 606 N.W.2d 670, 674 (Minn. 2000) (quotation omitted).  To analyze the voluntariness requirement, "the court examines what the parties reasonably understood to be the terms of the plea agreement."  *Raleigh*, 778 N.W.2d at 96.  "[T]he government may not produce a plea through actual or threatened physical harm, or by mental coercion overbearing the will of the defendant."  *Ecker*, 524 N.W.2d at 719 (quotation omitted).

Appellant argues that because he was denied the opportunity to enter an *Alford* plea, and "clearly stated throughout the plea hearing that he was only pleading guilty to avoid possible *Blakely* consequences if found guilty at trial," his guilty plea was "coerced and involuntary and must be vacated."  We disagree.  In analyzing the voluntariness of a plea, we consider the defendant's indications of voluntariness on the record.  *See Raleigh*, 778 N.W.2d at 96 (rejecting claims of "extreme stress," irrational thinking, and fear of federal prosecution when defendant's statements indicated voluntariness).  And "the normal trauma associated with being incarcerated . . . is not, by itself, a basis to claim coercion."  *Sykes v. State*, 578 N.W.2d 807, 813 (Minn. App. 1998), *review denied* (Minn. July 16, 1998).

Here, appellant admitted on the record that he was "knowingly and voluntarily" pleading guilty to the charged offense.  He also acknowledged that he was pleading guilty

6

in order to avoid a possible longer sentence based on the state's decision to seek an upward departure under the career offender statute. Although appellant claims he felt "pressured" to take the plea, and in doing so claims he admitted facts of the offense despite his "innocence," appellant cannot dispute that he received the benefit of his bargain—a lesser sentence than he might have received following a *Blakely* trial. In fact, the alleged "pressure" did not come from the state, but instead was a product of the potential consequences of being convicted of the charged offense and the potential for sentencing as a career offender. Moreover, as the state points out, appellant still received the benefit of his bargain, a guidelines sentence, despite absconding to Arizona in order to avoid the consequences of the offense. *See State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010) ("[A]ny sentence within the presumptive range for the convicted offense constitutes a presumptive sentence."), *review denied* (Minn. July 20, 2010); *see also State v. Jackson*, 749 N.W.2d 353, 359 n.2 (Minn. 2008) (stating that all three numbers in the sentencing cell "constitute an acceptable sentence based solely on the offense at issue"). Accordingly, appellant cannot establish that his guilty plea was involuntary.

**Affirmed.**