*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0478**

State of Minnesota
Respondent,

vs.

Brian Leonard Anderson,
Appellant.

**Filed February 23, 2015
Affirmed
Stoneburner, Judge***

Kandiyohi County District Court
File No. 34-CR-13-222

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Shane D. Baker, Kandiyohi County Attorney, Willmar, Minnesota (for respondent)

John E. Mack, Mack and Daby, P.A., New London, Minnesota (for appellant)

Considered and decided by Stauber, Presiding Judge; Worke, Judge; and Stoneburner, Judge.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**STONEBURNER**, Judge

Appellant challenges his misdemeanor conviction of improper passing in violation of Minn. Stat. § 169.18, subd. 3(3) (2012), arguing that (1) the statute does not apply to his conduct because he was unaware that he was passing a bicycle; (2) the district court erred by refusing to instruct the jury that in order to find him guilty it must find that he knew or should have known he was passing a bicycle; and (3) the district court erred by imposing a misdemeanor sentence absent a jury finding of endangerment or submission of the issue to a *Blakely* jury. We affirm.

### FACTS

On a very dark early October morning in 2012, appellant Brian Leonard Anderson, driving a semi-truck without a trailer on Highway 71, struck and killed a bicyclist who was traveling in the same direction on the highway. A portion of Anderson's bumper collided with the pedal area of the bicycle as his semi-truck traveled at about the 60-miles-per-hour speed limit and overtook and began passing the bicycle. The state charged Anderson with misdemeanor careless driving in violation of Minn. Stat. § 169.13, subd. 2 (2012), and with failure to allow a safe distance when passing or overtaking a bicycle in violation of Minn. Stat. § 169.18, subd. 3(3), penalized as a misdemeanor under Minn. Stat. § 169.89, subd. 1(1) (2012).[1]

---

[1] Minn. Stat. § 169.89, subd. 1(1), in relevant part, makes it a misdemeanor "for any person to do any act forbidden" by chapter 169 if "a violation . . . is committed in a manner or under circumstances so as to endanger or be likely to endanger any person or property."

Although on other early morning trips Anderson and other truck drivers had recently observed a bicyclist traveling on the area of the highway where the accident occurred, the evidence at trial conclusively showed that, on the day of the accident, Anderson did not see the bicyclist before the collision. The evidence also demonstrated that the bicyclist was visible on the day of the accident from a distance that would permit safe passing, including: (1) testimony from another truck driver, only minutes ahead of Anderson on the day of the accident, who saw the bicyclist and safely passed him; (2) the type of reflective vest worn by the cyclist was shown in reconstruction tests to be visible from nearly 900 feet in high-beam headlights and nearly 600 feet in low-beam headlights; and (3) the lack of any direct evidence of any conduct by Anderson or condition of his equipment explaining his failure to see the cyclist.

During the preparation of jury instructions, Anderson requested that the district court instruct the jury that in order to find him guilty of failing to allow a safe distance when passing, the jury had to find that he knew or should have known of the presence of the cyclist on the highway. The district court declined to give the instruction, opining that such an instruction would excuse inattentive driving and "change[] the substance of the statute."

In closing argument, Anderson argued to the jury that he was not in the act of passing, which, he asserted, requires an intentional movement around the other vehicle. On rebuttal, the state argued that under any definition of passing, Anderson plainly passed the bicycle and the law does not require more for a conviction.

During deliberations, the jury asked the district court for a definition of passing as it applies to the statute and whether the definition contains an intent requirement. The district court instructed the jury that the law does not contain a definition of passing and that they should use their common sense understanding of the word. With regard to intent, the district court referred the jury to the instructions given and again urged them to use their common sense and good judgment.

The jury found Anderson not guilty of careless driving but guilty of violating Minn. Stat. § 169.18, subd. 3(3), by conduct that endangered persons or property. The district court sentenced Anderson to 90 days in jail, stayed, a $1000 fine, and community service. This appeal followed.

**DECISION**

**I.     Minn. Stat. § 169.18, subd. 3(3) (2012), applies to Anderson's conduct.**

Anderson asserts the "inappropriateness of convicting someone of a crime for which imprisonment is authorized where the defendant neither intended the action for which he was convicted nor knew he was performing such an action." To support this assertion, he first argues that the statute under which he was charged does not apply to his conduct. Minn. Stat. § 169.18, subd. 3(3), provides, in relevant part:

> The operator of a motor vehicle overtaking a bicycle or individual proceeding in the same direction on the roadway shall leave a safe distance, but in no case less than three feet clearance, when passing the bicycle or individual and shall maintain clearance until safely past the overtaken bicycle or individual.

4

Anderson asserts that this language "does not apply to the situation where a vehicle inadvertently sideswipes a bicyclist without intending to pass him." Anderson premises his argument on the assertions that (1) the jury found his failure to see the bicyclist was not due to negligence and (2) one cannot pass without intending to, so therefore he was not engaged in the act of passing within the meaning of Minn. Stat. § 169.18, subd. 3(3), a statute he believes contains a scienter requirement.

The flaw in this argument is Anderson's assertion that the jury found him "not negligent" in failing to see the bicyclist. The jury found that Anderson is not guilty of careless driving, but for that charge the jury was not asked to decide if he was negligent in failing to see the bicycle. We do not construe that verdict as precluding a jury finding that Anderson, albeit unknowingly, drove his semi-truck such that it overtook and began passing a visible cyclist without leaving a safe distance.[2]

We view Anderson's argument as a challenge to the sufficiency of the evidence to support the verdict. When reviewing the sufficiency of the evidence supporting a conviction, we carefully review the record to determine if the evidence produced at trial, viewed in the light most favorable to the verdict, was sufficient to allow the jury to reach a guilty verdict. *State v. Berrios*, 788 N.W.2d 135, 141 (Minn. App. 2010), *review*

---

[2] While not briefed on appeal, Anderson claimed, before the district court and this court at oral arguments, that the verdicts were "perverse" and logically inconsistent. Even if the verdicts could be said to be logically inconsistent, that does not make them legally inconsistent, as "[n]othing in the constitution requires consistent verdicts." *State v. Leake*, 699 N.W.2d 312, 325 (Minn. 2005). "We have ruled in numerous cases that a defendant is not entitled to relief simply because two verdicts—for example, a guilty verdict of one offense and a not guilty verdict of a similar offense—by the same jury are logically inconsistent." *State v. Netland*, 535 N.W.2d 328, 331 (Minn. 1995) (noting that jury lenity is an aspect of the right to jury trial).

*denied* (Minn. Nov. 16, 2010). Because Anderson's vehicle moved alongside the bicycle, struck its pedal area, and proceeded past the bicycle, the evidence plainly establishes that Anderson overtook and passed the cyclist. Further, the evidence also establishes that the cyclist was visible from a distance that permitted safe passing. The evidence is sufficient to support the verdict.

## II.   Even if the district court erred by failing to give Anderson's requested instruction, such error was harmless.

Anderson argues at length that the district court erred by failing to instruct the jury that in order to find him guilty of violating Minn. Stat. § 169.18, subd. 3(3), it had to find that Anderson was aware or should have been aware of the presence of the bicycle on the roadway. Anderson argues that without this instruction, the statute imposes strict liability; the state does not disagree and argues that the statute does impose strict liability.

The district court's refusal to give a jury instruction is reviewed for an abuse of discretion. *State v. Ndikum*, 815 N.W.2d 816, 818 (Minn. 2012). We review the instructions "to determine whether they fairly and adequately explained the law of the case," and error results if the instruction "materially misstates the law." *State v. Kuhnau*, 622 N.W.2d 552, 556 (Minn. 2001). But even if the jury instructions were in error, a new trial is not required if the error is harmless beyond a reasonable doubt. *See id.* at 558–59.

Anderson contends that by failing to use his jury instruction, the district court failed to instruct the jury on an essential element of the offense. "[T]he omission of an element of a crime in a jury instruction does not automatically require a new trial." *State v. Watkins*, 840 N.W.2d 21, 28 (Minn. 2013). Instead, the supreme court has directed us

6

to examine several factors in determining whether the instruction was sufficiently prejudicial as to constitute reversible error: "whether (1) the defendant contested the omitted element and submitted evidence to support a contrary finding, (2) the State submitted overwhelming evidence to prove that element, and (3) the jury's verdict nonetheless encompassed a finding on that element." *Id.* at 29. In light of these factors, the error is harmless if, "beyond a reasonable doubt, [it] had no significant impact on the verdict rendered." *State v. Hall*, 722 N.W.2d 472, 477 (Minn. 2006).

We conclude that any potential error of the district court did not significantly impact the jury's verdict due to the evidence produced at trial that the bicyclist was visible to Anderson. The testimonies of another truck driver who successfully passed the cyclist and the accident reconstruction expert who tested the visibility of the type of reflective vest worn by the cyclist, demonstrated that the bicyclist was, at the relevant time and place, visible from a distance that permitted safe passing. Anderson also acknowledged having seen a bicyclist in the early morning hour in that vicinity several times in the recent past. Anderson had no explanation for his failure to see the cyclist that morning. We conclude with certainty beyond a reasonable doubt, that the verdict would have been the same had the jury been instructed that it was required to find that Anderson "should have been aware of the presence of the bicycle on the roadway" in order to convict him of failing to allow a safe distance when overtaking.

The parties debate whether section 169.18, when treated as a misdemeanor, is a strict-liability statute. We conclude that we need not reach that issue in this case because any potential error in the jury instructions would be harmless beyond a reasonable doubt.

7

We leave for other circumstances a ruling on whether the statute imposes strict liability when a misdemeanor penalty is sought for the violation.

**III.    Anderson was not entitled to a *Blakely* jury.**

Anderson's final argument is that the district court erred by "imposing a sentence . . . which would have been proper if the jury had convicted him of careless driving without a jury finding of endangerment or the submission of the issue of endangerment to a *Blakely* jury." In his brief on appeal, Anderson asserts that "neither the [district] court nor the jury found that Mr. Anderson's violation of § 169.18, subd. 3(3) was committed 'under circumstances so as to endanger or be likely to endanger any person or property.'" This assertion is not correct. The jury was instructed that in order to find Anderson guilty of violating Minn. Stat. § 169.18, subd. 3(3), it had to find that: (1) Anderson operated a vehicle upon a street or highway; (2) Anderson overtook a bicyclist; (3) Anderson failed to maintain a safe distance when overtaking and passing; (4) *Anderson's driving conduct endangered or was likely to endanger persons or property*; and (5) that the accident occurred on or about October 16, 2012, in Kandiyohi County.

We are not persuaded by Anderson's argument that the failure of the complaint to state the endangerment requirement in the narrative portion of the charge resulted in Anderson being charged only with a petty misdemeanor that the state sought to "enhance" to a misdemeanor, thereby requiring a *Blakely* jury to separately determine endangerment. First of all, Anderson has likely waived such a challenge to the charging document, because he raised this issue for the first time on appeal. *See State v. Matthews*, 779 N.W.2d 543, 553 (Minn. 2010) (providing that objections to the complaint must be

made at least three days before the omnibus hearing or they are waived); *see also Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (holding that issues not raised in district court, including "constitutional questions of criminal procedure," are generally not considered for the first time on appeal).

And even if we reach the merits of Anderson's complaint challenge, he has not shown any prejudice to his substantial rights resulting from the deficient narrative statement. *See* Minn. R. Crim. P. 17.06, subd. 1. The complaint expressly states that the charge is subject to the penalty contained in Minn. Stat. § 169.89, subd. 1(1). The record demonstrates that this matter was tried as a misdemeanor and the bulk of Anderson's arguments on appeal assert that he was charged with a misdemeanor violation of Minn. Stat. § 169.18, subd. 3(3), undermining his assertion at oral argument that he had the right to assume that he was being tried for a petty misdemeanor violation of Minn. Stat. § 169.18, subd. 3(3), and would be entitled to a *Blakely* jury on the issue of endangerment.

Therefore, we find no merit in Anderson's challenge to the complaint in this case, and because the jury was asked to determine and did determine endangerment as an element of the offense charged, his argument that his sentence was illegally enhanced is equally unavailing.

**Affirmed.**