*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1842**

State of Minnesota,
Respondent,

vs.

Derrean Darnell Hogan,
Appellant

**Filed January 9, 2017
Affirmed
Worke, Judge**

Hennepin County District Court
File No. 27-CR-15-9624

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Julie L. Nelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Stauber, Judge; and Bratvold, Judge.

## UNPUBLISHED OPINION

**WORKE**, Judge

Appellant challenges his second-degree assault conviction, arguing that the district court abused its discretion by allowing the state to impeach him with a specified

aggravated-robbery conviction and by failing to define intent in the jury instructions. Appellant also makes multiple claims in his pro se supplemental brief. We affirm.

## DECISION

### *Impeachment with evidence of prior conviction*

Appellant Derrean Darnell Hogan first argues that the district court abused its discretion by allowing the state to impeach him with evidence of an aggravated-robbery conviction. He maintains that the district court should have limited the state to presenting evidence that he had been convicted of an unspecified felony.

A witness's prior felony convictions are admissible to impeach credibility if the district court determines that the conviction's probative value outweighs its prejudicial effect. Minn. R. Evid. 609(a)(1). To determine whether a prior conviction may be used to impeach a defendant, the district court considers five factors:

> (1) the impeachment value of the prior crime, (2) the date of the conviction and the defendant's subsequent history, (3) the similarity of the past crime with the charged crime (the greater the similarity, the greater the reason for not permitting use of the prior crime to impeach), (4) the importance of [the] defendant's testimony, and (5) the centrality of the credibility issue.

*State v. Jones*, 271 N.W.2d 534, 537-38 (Minn. 1978). This court reviews the district court's decision to admit a prior conviction for a clear abuse of discretion. *State v. Swanson*, 707 N.W.2d 645, 654 (Minn. 2006).

Rule 609 allows the state to impeach a defendant with unspecified felony convictions. *State v. Hill*, 801 N.W.2d 646, 652 (Minn. 2011). That does not mean, however, that the state may never specify the offense that makes up the prior conviction.

2

*Id.* "To the contrary, the decision about what details, if any, to disclose about the conviction at the time of impeachment is a decision that remains within the sound discretion of the district court." *Id.* "If a [district] court finds that the prejudicial effect of disclosing the nature of a felony conviction outweighs its probative value, then it may still allow a party to impeach a witness with an unspecified felony conviction if [its] use . . . satisfies the balancing test of Rule 609(a)(1)." *Id.* at 652-53.

The state moved to admit three prior felony convictions from 2012: two first-degree aggravated-robbery convictions and an aiding-an-offender conviction that also involved a robbery. The district court applied the five *Jones* factors.

The district court determined that all three crimes had impeachment value because "the jury needs to get information about the whole person in order to better judge the truth of the testimony." The supreme court has held that "a prior conviction can have impeachment value by helping the jury see the whole person of the defendant and better evaluate his or her truthfulness." *Swanson*, 707 N.W.2d at 655 (quotation omitted). The supreme court has also stated that "the mere fact that a witness is a convicted felon holds impeachment value." *Hill*, 801 N.W.2d at 652. Accordingly, the district court properly determined that this factor weighed in favor of admitting the convictions.

As to the date of the prior convictions, the district court found that the 2012 offenses were recent and that this factor therefore weighed in favor of admission. Evidence of a conviction is generally not admissible if more than ten years have elapsed since the date of the conviction. Minn. R. Evid. 609(b). Here, the prior convictions were well within that time frame.

Next, the district court found that the prior convictions were not similar to the charged offense of second-degree assault. "The danger when the past crime is similar to the charged crime is that the likelihood is increased that the jury will use the evidence substantively rather than merely for impeachment purposes." *State v. Bettin*, 295 N.W.2d 542, 546 (Minn. 1980). Hogan argues that aggravated robbery and second-degree assault are similar because they are both serious crimes against the person. The jury convicted Hogan of running over his girlfriend, S.L., with his car. The current crime in no way involved robbery or any element of theft. The district court's conclusion that this factor weighed in favor of admission was not an abuse of discretion.

The district court then determined that the importance of Hogan's testimony weighed against admission. The district court believed that it would be important to Hogan's defense for the jury to hear his version of events. The district court was concerned about discouraging Hogan from testifying by admitting the prior convictions.

Finally, the district court determined that the centrality of the credibility issue weighed in favor of admission. Hogan's only defense was that he did not intend to assault S.L. Instead, he claimed that the incident was an accident. Because the only evidence that Hogan did not intend to hit S.L. with his car was his testimony, his credibility was important. If credibility is a central issue in the case, this factor weighs in favor of admitting prior convictions. *Swanson*, 707 N.W.2d at 655.

Although the district court determined that the *Jones* factors weighed in favor of admitting each of the convictions individually, it concluded that the prejudicial effect of admitting all three felonies would outweigh the impeachment value. Accordingly, the

4

district court admitted only one aggravated robbery. The district court rejected Hogan's motion that the conviction be unspecified because, given that the district court had excluded two of the three offenses, it was "appropriate for the issue of credibility and for the jury to see the whole person to have the exact offense be used."

Hogan argues that "[t]he risk of the jury's misuse of [his] prior conviction would have been substantially reduced if the evidence had been sanitized by introducing it as a conviction for an unspecified felony." But the district court properly exercised its discretion by applying the *Jones* factors and determining that the probative value of admitting the specified conviction outweighed the prejudicial effect. Moreover, to reduce the possibility of any unfair prejudice, the district court gave a limiting instruction requiring the jury "to consider any previous conviction only as it may affect the weight of the defendant's testimony" and to "not consider any previous conviction as evidence of guilt." This court presumes "that juries follow instructions given by the [district] court." *State v. Gatson*, 801 N.W.2d 134, 151 (Minn. 2011) (quotation omitted).

Hogan also claims that there was a risk of unfair prejudice because the jury was informed that he was still on probation for the prior offense. But the defense attorney, not the prosecutor, asked Hogan whether he was still being supervised. This was part of a defense strategy to explain Hogan's actions leading up to the assault.

The district court carefully weighed the *Jones* factors and determined that the 2012 aggravated robbery was admissible and that it was not necessary to sanitize the conviction by leaving the offense unspecified. The district court did not abuse its discretion.

*Jury instructions*

Hogan next claims that the district court erred by failing to include a definition of intent in its second-degree assault jury instruction. He argues that this omission warrants a new trial because Hogan's intent was the only element of the offense contested at trial.

Because Hogan did not object to the jury instructions in district court, our review is only for plain error. *State v. Milton*, 821 N.W.2d 789, 805 (Minn. 2012). Under the plain-error test, we consider whether the district court's instructions contained "an (1) error (2) that was plain and (3) that affected the defendant's substantial rights." *Id.* If all three of these prongs are established, then we determine whether we must "address the error to ensure fairness and the integrity of the judicial proceedings." *Id.* (quotation omitted). In applying this analysis, we view the jury instructions "in their entirety to determine whether they fairly and adequately explained the law of the case." *State v. Kuhnau*, 622 N.W.2d 552, 555-56 (Minn. 2001). "A district court errs when its instructions confuse, mislead, or materially misstate the law." *State v. Vang*, 774 N.W.2d 566, 581 (Minn. 2009). The district court, however, has considerable latitude in crafting jury instructions. *State v. Anderson*, 789 N.W.2d 227, 239 (Minn. 2010).

Hogan admits that the district court's second-degree assault instruction was taken directly from Minnesota's jury instruction guide. *See* 10 *Minnesota Practice*, CRIMJIG 13.01, .02, .12 (2015). The instruction contains each essential element of the offense, including the requirement that the assault be intentional.

Although the instruction does not define intent, a specific definition of intent is not necessary because "the word intent has a common meaning, and the definition provided

by [the jury instruction guide] does not greatly increase the jury's understanding of the phrase." *State v. Harlin*, 771 N.W.2d 46, 52 (Minn. App. 2009) (quotation omitted), *review denied* (Minn. Nov. 17, 2009); *see also State v. Duke*, 335 N.W.2d 511, 515 (Minn. 1983) (holding that it was not plain error to fail to define "intent to kill" because it is "a phrase of common meaning," and a definition would not greatly enhance the jury's understanding); *State v. Robinson*, 699 N.W.2d 790, 799-800 (Minn. App. 2005) (concluding that the district court did not commit plain error by failing to define intent in assault case), *aff'd on other grounds*, 718 N.W.2d 400 (Minn. 2006). "It is well established that detailed definitions of the elements to the crime need not be given in the jury instructions if the instructions do not mislead the jury or allow it to speculate over the meaning of the elements." *State v. Davis*, 864 N.W.2d 171, 177 (Minn. 2015) (quotation omitted). Because the district court's instructions required the assault to be intentional and because intent has a common meaning, the district court did not mislead the jury, allow the jury to speculate over the meaning of the elements, or otherwise err by failing to give a definition of intent. Hogan cannot establish error and so it is unnecessary for us to address the remaining prongs of the plain-error test.

### *Pro se claims*

In his pro se supplemental brief, Hogan argues that his trial attorney was ineffective and that the evidence was insufficient to convict. His claims are meritless.

#### *Ineffective assistance*

To prevail on a claim of ineffective assistance of counsel, Hogan must demonstrate "(1) that his counsel's representation 'fell below an objective standard of

7

reasonableness'; and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Nissalke v. State*, 861 N.W.2d 88, 94 (Minn. 2015) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064, 2068 (1984)). Hogan first argues that his attorney was ineffective because she "failed to object to or address a map introduced by the prosecution which inaccurately portrayed the scene of the incident." But whether to object or cross-examine a witness on a particular issue are matters of trial strategy that we generally do not review on appeal. *Carridine v. State*, 867 N.W.2d 488, 494 (Minn. 2015); *Francis v. State*, 781 N.W.2d 892, 898 (Minn. 2010). We also do not see how the outcome of Hogan's trial would have been different had the map not been admitted. Hogan also argues that his attorney failed to advise him about his decision to testify or remain silent and did not adequately prepare him to testify. But the record shows that Hogan was advised of his rights, made a fully informed decision to testify, and coherently explained his version of events to the jury. Hogan has failed to show that his attorney's performance was unreasonable or that he was prejudiced.

### *Insufficient evidence*

Hogan's final argument is that the evidence is insufficient to prove that he intended to assault S.L. Intent is a state of mind that generally must be proven by circumstantial evidence. *State v. Cooper*, 561 N.W.2d 175, 179 (Minn. 1997). In reviewing cases based on circumstantial evidence, we first scrutinize the evidence to identify the circumstances proved and examine the inferences that can be drawn from those circumstances. *State v. Sam*, 859 N.W.2d 825, 833 (Minn. App. 2015). We then

8

determine whether those circumstances are consistent with guilt and inconsistent with any other reasonable hypothesis. *Id.*

The circumstances proved show that S.L. went to Hogan's home to break-up with Hogan and retrieve money he owed her. Hogan punched, choked, and yelled profanities at S.L. After S.L. damaged Hogan's car with a brick, Hogan turned the wheels of his car toward her, drove the car over a curb, and ran over S.L.'s leg. Hogan then got out of the car, dragged S.L. from under the vehicle, and broke her phone on the sidewalk. When police arrived, Hogan fled. These circumstances are consistent with the hypothesis that Hogan intentionally assaulted S.L. and inconsistent with any other reasonable hypothesis.

**Affirmed.**