*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0822**

State of Minnesota,
Respondent,

vs.

Larry Artis Moore, Jr.,
Appellant.

**Filed May 28, 2024**
**Affirmed in part, reversed in part, and remanded**
**Reyes, Judge**

Beltrami County District Court
File No. 04-CR-21-3232

Keith Ellison, Attorney General, St. Paul, Minnesota; and

David Hanson, Beltrami County Attorney, Symon Schindler-Syme, Bemidji, Minnesota
(for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Andrea Barts, Assistant Public
Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Ede, Presiding Judge; Reyes, Judge; and Larson, Judge.

**NONPRECEDENTIAL OPINION**

**REYES**, Judge

On appeal from his conviction of gross-misdemeanor driving while intoxicated

(DWI)-test refusal, appellant argues that (1) the district court abused its discretion by

misstating the legal elements of a test refusal in its jury instruction and (2) his 365-day

gross-misdemeanor sentence must be amended to 364 days under recent legislation. We

affirm in part, reverse in part, and remand for appellant's sentence to be amended to 364 days.

**FACTS**

On September 25, 2021, at about 2:23 a.m., two Beltrami County sheriff's deputies heard a loud crash come from a nearby highway. They responded to the location of the noise and found a tire jack in the middle of the roadway, so they suspected a vehicle had run over the jack. The deputies noticed a vehicle, with hazard lights flashing, about one-half mile down the road from the jack and drove to the vehicle. There was only one person at the stopped vehicle, appellant Larry Artis Moore, Jr., who was standing just outside the vehicle.

As one of the deputies walked by the vehicle, he saw two open beer bottles and ammunition inside. Appellant smelled of alcoholic beverages. The deputy had appellant perform several field sobriety tests. Appellant's performance in each test supported the deputy's suspicion that appellant was intoxicated. The deputy administered a preliminary breath test to appellant resulting in an alcohol concentration of 0.161. The deputy arrested appellant and transported him to the emergency room to obtain a sample of appellant's blood or urine.

At about 3:00 a.m., the deputy began drafting a search warrant for appellant's blood or urine, which took about 30 minutes to complete. The deputy and appellant remained in the squad car within the ambulance bay while the deputy wrote the warrant. As the deputy worked to submit the warrant, appellant asked to go to the bathroom. The deputy advised appellant to wait so he could give a urine sample. Appellant became increasingly agitated,

continuing to ask to use the bathroom and threatening to urinate in the back of the squad car. After appellant's repeated threats to urinate on the floor of the squad car, the deputy allowed him to use the bathroom in the emergency room at about 3:40 a.m.

At 3:49 a.m., minutes after they returned to the squad car, the deputy received the signed warrant from the judge, and appellant orally refused to submit a blood sample.

The deputy then transported appellant to the law-enforcement center for appellant to provide a urine sample. There, the deputy offered appellant a bottle of water, which appellant refused. Appellant bought a can of pop from a vending machine and drank some of it. The deputy suggested to appellant several times that he try to urinate, but appellant responded that he did not have to because he had urinated so recently. Appellant went into the bathroom twice but did not provide a urine sample. The deputy deemed appellant to have refused to consent to a urine test at 4:49 a.m.

Respondent State of Minnesota charged appellant with third-degree DWI for refusal to submit to a chemical test. A jury found appellant guilty, and the district court sentenced him to 365 days in jail, with 335 of those days stayed for two years. This appeal follows.

**DECISION**

I.    **The district court did not abuse its discretion because it did not misstate the law in its jury instructions.**

Appellant argues that the district court abused its discretion because the jury instructions "told the jury the State had prove[d] the refusal element" by instructing them, over counsel's objection, that a "failure to complete the entire test is a refusal." We disagree.

3

Appellate courts review a district court's jury instructions for an abuse of discretion. *State v. Segura*, 2 N.W.3d 142, 166 (Minn. 2024). Jury instructions are reviewed "in their entirety to determine whether they fairly and adequately explained the law of the case. An instruction is in error if it materially misstates the law." *State v. Kuhnau*, 622 N.W.2d 552, 555-56 (Minn. 2001) (citation omitted).

The state charged appellant under Minn. Stat. § 169A.20, subd. 2 (2020), which states, "It is a crime for any person to refuse to submit to a chemical test . . . of the person's blood or urine as required by a search warrant." In *State v. Ferrier*, this court considered whether a person could refuse to submit to a chemical test without orally stating their refusal. 792 N.W.2d 98, 101-02 (Minn. App. 2010) (concluding sufficient circumstantial evidence supported determination appellant refused to submit to a test by conduct when she had been given between six and fifteen glasses of water and made three attempts to produce urine sample over three hours), *rev. denied* (Minn. Mar. 15, 2011). We noted that the statute requires a volitional act; "the statute does not criminalize inability to perform the steps necessary for testing." *Id.* Nevertheless, we held that "[a] driver may refuse to submit to chemical testing by words or conduct." *Id.* at 102. We highlighted that "[a]ctual unwillingness to submit to testing must be proved." *Id.* at 101. "Depending on the total circumstances, failure to perform the necessary steps for testing may be circumstantial evidence of refusal by conduct." *Id.* at 102.

Appellant contends that the district court's instructions were inconsistent with the refusal element under Minn. Stat. § 169A.20, subd. 2. Here, the district court instructed the jury on the fourth element of the crime as follows:

4

> Fourth, [appellant] refused to submit to a blood and urine sample. *A failure to complete the entire test is a refusal.* A refusal to submit to chemical testing includes any indication of actual unwillingness to complete the testing process as determined from the driver's words and actions in light of the totality of the circumstances. *Actual unwillingness to submit to testing must be proved*.

(Emphasis added). Appellant challenges the statement, "A failure to complete the entire test is a refusal." However, "[i]f the instructions, *when read as a whole*, correctly state the law in language that can be understood by the jury, there is no reversible error." *State v. Matthews*, 779 N.W.2d 543, 549 (Minn. 2010) (emphasis added) (quotation omitted). When the jury instruction for the fourth element is read "as a whole," the jury had to determine whether the state had proved "[a]ctual unwillingness to submit to testing." Because the jury instructions "as a whole" accurately stated the law, the district court did not abuse its discretion.

## II. Appellant is entitled to be resentenced to 364 days in jail.

Appellant argues that the district court must resentence him to 364 days in jail. We agree.

As an initial matter, while the state does not contest appellant's resentencing, it argues that the issue is not ripe because appellant must first make a motion in district court to adjust his sentence. However, we routinely consider challenges to sentences on direct appeal. *See, e.g.*, *State v. Rivers*, 787 N.W.2d 206, 212 (Minn. App. 2010) (analyzing whether district court abused its discretion by miscalculating criminal-history score for sentencing), *rev. denied* (Minn. Oct. 19, 2010). We therefore analyze the merits of appellant's argument.

Whether a sentence conforms to the requirements of a statute is a question of law that appellate courts review de novo. *State v. Williams*, 771 N.W.2d 514, 520 (Minn. 2009). In 2023, the legislature adjusted the maximum sentence for gross misdemeanors from 365 days to 364 days. 2023 Minn. Laws ch. 52, art 6, § 6 at 736-37 (codified at Minn. Stat. § 609.0342 (Supp. 2023)). The adjustment is retroactive. Minn. Stat. § 609.0342(b). The statute provides:

> Any sentence of imprisonment for one year . . . imposed . . . before July 1, 2023, shall be deemed to be a sentence of imprisonment for 364 days. A court may at any time correct or reduce such a sentence pursuant to rule 27.03, subdivision 9, of the Rules of Criminal Procedure and shall issue a corrected sentencing order upon motion of any eligible defendant.

*Id.*

The district court sentenced appellant to "1 year" in jail on February 23, 2023. By automatic operation of the plain language of the statute, appellant's sentence "shall be deemed to be a sentence of imprisonment for 364 days." *Id.* We therefore reverse appellant's sentence and remand for the district court to resentence appellant to a sentence of 364 days.

**Affirmed in part, reversed in part, and remanded.**