# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A25-0516

State of Minnesota,
Respondent,

vs.

Kenneth Gale Lanham,
Appellant.

**Filed March 9, 2026**
**Reversed and remanded**
**Larson, Judge**

Itasca County District Court
File No. 31-CR-21-2716

Keith Ellison, Attorney General, Lydia Villalva Lijó, Assistant Attorney General, St. Paul, Minnesota; and

Jacob Fauchald, Itasca County Attorney, Grand Rapids, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Eva F. Wailes, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Ede, Presiding Judge; Larson, Judge; and Halbrooks, Judge.*

## SYLLABUS

Under the first-degree criminal-damage-to-property statute, Minn. Stat. § 609.595, subd. 1 (2020), when a defendant is prosecuted under clause (4), the value of any property

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

damaged by the defendant within any six-month period may be aggregated if the alleged reduction in the value of the property for each offense is more than $1,000.

## OPINION

**LARSON**, Judge

In this appeal from final judgment, we must decide whether the district court erroneously granted the state's motion to aggregate appellant Kenneth Gale Lanham's two criminal-damage-to-property charges under section 609.595, subdivision 1(4). To reach our decision, we must interpret the aggregation provision in section 609.595, subdivision 1, which provides, in relevant part, that in a "prosecution under clause (4), the value of any property damaged by the defendant in violation of that clause within any six-month period may be aggregated" (the aggregation provision). We conclude that, under the statute's plain language, when a defendant is prosecuted under clause (4), the value of any property damaged by the defendant within any six-month period may be aggregated if the alleged reduction in the value of the property for each offense is more than $1,000. Because the parties agree that respondent State of Minnesota did not allege that the value of the property damaged in each offense was reduced by more than $1,000, we conclude the district court's decision to grant the state's motion to aggregate was erroneous and prejudiced Lanham. Therefore, we reverse and remand.

## FACTS

The state charged Lanham—by separate complaints—with two counts of first-degree criminal damage to property under section 609.595, subdivision 1(4). In the first complaint, the state alleged that on July 9, 2021, Lanham was incarcerated at the Itasca

2

County jail when he struck a cell-door window with his head, causing it to crack (the July offense). In the second complaint, the state alleged that on October 15, 2021, Lanham was incarcerated at the Itasca County jail when he struck a second cell-door window with his head, causing it to crack (the October offense).

The state moved to aggregate the two separately charged offenses under section 609.595, subdivision 1. In its motion to aggregate, the state alleged the total cost to replace the window damaged in the July offense was $1,020, and the total cost to replace the window damaged in the October offense was $1,000. Over Lanham's objection, the district court granted the motion, reasoning that it was "within the parameters of the statute."

Before trial, Lanham moved to sever the aggregated charge into two offenses, and the district court denied the motion. The case proceeded to a jury trial, and Lanham represented himself.[1] Lanham was found guilty of the aggregated charge. The district court sentenced Lanham to a 24-month presumptive prison term, with credit for time served, and ordered Lanham to pay $2,020 in restitution.

Lanham appeals.

**ISSUE**

Under the first-degree criminal-damage-to-property statute, Minn. Stat. § 609.595, subd. 1, when a defendant is prosecuted under clause (4), may the value of the property damage caused by the defendant, in separately charged offenses, be aggregated where the

---

[1] Prior to trial, Lanham was represented by counsel.

3

alleged reduction in the value of the property in one of the offenses was not more than $1,000?

**ANALYSIS**

On direct appeal, Lanham challenges the district court's decision to grant the state's motion to aggregate the July offense and October offense.[2] To resolve this question, we must interpret section 609.595, subdivision 1. Statutory interpretation is a question of law that we review de novo. *State v. Holl*, 966 N.W.2d 803, 808 (Minn. 2021). Our goal when interpreting a statute "is to effectuate the intent of the Legislature." *State v. Velisek*, 986 N.W.2d 696, 699 (Minn. 2023) (quotation omitted). We must first determine if the statute is ambiguous. *State v. Mikell*, 960 N.W.2d 230, 238 (Minn. 2021). A statute is ambiguous if its language "is subject to more than one reasonable interpretation[.]" *Holl*, 966 N.W.2d

---

[2] The state asserts that Lanham forfeited this challenge on appeal because he did not raise a statutory interpretation argument in district court. We are not persuaded. Upon review of the record, we conclude that Lanham preserved the issue for appeal when he opposed the state's aggregation motion on the basis that the alleged reduction in the value of the property damaged in the October offense was not more than $1,000. Parties are allowed to refine their arguments on appeal. *See State v. Woolridge Carter*, 9 N.W.3d 839, 842 n.3 (Minn. 2024) (explaining that "the forfeiture doctrine does not apply" when a party "has simply refined [their] arguments" on appeal). Further, even if the statutory interpretation argument had been forfeited, we can still consider an argument raised for the first time on appeal "when the interests of justice require consideration of such issues and doing so would not unfairly surprise a party to the appeal." *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996); *see also* Minn. R. Crim. P. 28.02, subd. 11 ("On appeal from a judgment, the court may review . . . any other matter, as the interests of justice may require."); Minn. R. Civ. App. P. 103.04 (stating that appellate courts "may review any other matter as the interest of justice may require"). Because Lanham objected when the state filed the motion to aggregate and then filed a motion to sever the offenses before trial, we do not discern that the state was unfairly surprised that this issue was raised on direct appeal.

at 808 (quotation omitted). If the statute is unambiguous, we must apply the plain language. *Id.*

Section 609.595, subdivision 1, provides, in relevant part:

> Whoever intentionally causes damage to physical property of another without the latter's consent may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $10,000, or both, if:
> . . . .
> (4) the damage reduces the value of the property by more than $1,000 measured by the cost of repair and replacement; or
> . . . .
>
> In any prosecution under clause (4), the value of any property damaged by the defendant *in violation of that clause* within any six-month period may be aggregated and the defendant charged accordingly in applying the provisions of this section[.]

(Emphasis added.) Here, both parties assert that the statute is unambiguous, but they offer conflicting interpretations.

Relying on the phrase "in violation of that clause," Lanham argues that the value of property damaged in separate offenses may be aggregated only if the alleged reduction in the value of the property damaged for each offense meets the requirements of clause (4)— namely, each offense "reduces the value of the property by more than $1,000 measured by the cost of repair and replacement." *See* Minn. Stat. § 609.595, subd. 1. Lanham reasons that this interpretation is consistent with the use of "that" as a pointing word, referring the reader back to the earlier specific reference to "any prosecution under clause (4)." Thus, Lanham asserts, to aggregate the value of property damaged, each offense must allege a

reduction in the value of property "in violation of" clause (4), meaning the alleged "cost of repair or replacement" is more than $1,000 for each offense.[3]

We conclude that Lanham provides a reasonable interpretation of the aggregation provision. The phrase "that clause" plainly refers to the opening phrase "[i]n any prosecution under clause (4)," and, therefore, it is reasonable to interpret the statute to mean "the value of any property damaged by the defendant in violation of [clause (4)] within any six-month period may be aggregated."

The state offers two competing interpretations of the aggregation provision. First, the state argues the statute allows aggregation of *any* property damaged within a six-month period to reach the value threshold in section 609.595, subdivision 1(4). To support its interpretation, the state relies solely on the supreme court's decision in *State v. Powers*. 962 N.W.2d 853 (Minn. 2021). There, the supreme court explained that the "degrees of culpability within the [criminal-damage-to-property] statute are demarcated principally by the extent of the damage caused[,]" and "[t]he only logical reading of the statute's plain language and structure is to focus the assessment of the degree of culpability on the *defendant's* actions, not on the action or inaction of the victim." *Id*. at 859-60. According

---

[3] Lanham also contends this interpretation is consistent with the language of the statute when read "as a whole." *See Mikell*, 960 N.W.2d at 239 (stating that we must "read words and phrases in the context of the statute as a whole" when interpreting the meaning of a statute). Specifically, Lanham asserts that the subdivisions defining second- and third-degree criminal damage to property contain their own aggregation provisions, supporting his contention that aggregation is possible only amongst offenses that violate the same statutory-degree of offense. *See* Minn. Stat. § 609.595, subds. 1a-2 (2020). This argument further bolsters the reasonableness of Lanham's proposed interpretation.

to the state, allowing aggregation of any property damage occurring in a six-month period to reach the value threshold achieves the legislative goal articulated in *Powers*.

We are not persuaded that this is a reasonable interpretation of the aggregation provision for two reasons. First, the state does not base its argument on the language in the statute itself. Second, *Powers* did not interpret the statutory language at issue here. Instead, the supreme court interpreted the language "damage reduces the value of the property . . . measured by the cost of repair and replacement" in section 609.595, subdivision 1(4), and concluded the state may rely on reasonable cost estimates to assess a reduction in the value of the property. *Id.* Therefore, we do not agree that *Powers* provides support for the state's proposed interpretation of the aggregation provision.

The state's second proposed interpretation is that, once a defendant is charged with one offense that alleges a reduction in the value of the property by more than $1,000, the state can aggregate the value of any property damaged in subsequent offenses within a six-month period, even if a subsequent offense does not allege a reduction in property value of more than $1,000. For this argument, the state relies on the phrase "*any* property damaged by the defendant . . . within any six-month period." *See* Minn. Stat. § 609.595, subd. 1 (emphasis added).

Again, we are not persuaded. The omitted language "in violation of *that clause*" is the qualifying language in the statute. *See id.* (emphasis added). And when interpreting a statute, we give effect to each word in the statute. *See State v. Thompson*, 950 N.W.2d 65, 69 (Minn. 2020) (stating that the canon against surplusage "favors avoiding interpretations [of a statute] that would render a word or phrase superfluous, void, or insignificant, thereby

7

ensuring each word in a statute is given effect"). The state does not offer an interpretation of the qualifying language that would allow for the aggregation of the value of property damaged that is not "in violation of" clause (4). Accordingly, we conclude that this is not a reasonable interpretation of the statute's plain language.

For these reasons, we conclude the statute is unambiguous because the only reasonable interpretation of the aggregation provision is that, in a prosecution under clause (4), the value of any property damaged by the defendant within any six-month period may be aggregated if the alleged reduction in the value of property for each offense is "in violation of" clause (4)—meaning each offense alleges a reduction in the value of the property by "more than $1,000 measured by the cost of repair and replacement." Here, the parties agree that, at the time the district court granted the motion to aggregate, only the July offense alleged a reduction in the value of the property by more than $1,000 as "measured by the cost of repair or replacement." Therefore, because the unambiguous statute does not allow the value of the property damaged in the July offense and October offense to be aggregated, we conclude the district court erred when it granted the state's motion to aggregate.

The state finally argues that, even if the district court legally erred when it granted the state's motion to aggregate, we should affirm the conviction because Lanham failed to demonstrate prejudice. *See State v. Nunn*, 561 N.W.2d 902, 907 (Minn. 1997) ("Reversal is warranted only when the error substantially influences the jury's decision."); Minn. R. Crim. P. 31.01 ("Any error that does not affect substantial rights must be disregarded."). Lanham disagrees, arguing that the district court's decision to grant the state's motion to

aggregate prejudiced him because it removed the state's burden to prove the value-of-property-damage element for the October offense.[4]

We conclude the district court's decision to grant the state's motion to aggregate prejudiced Lanham. The state bears the burden to prove all elements of an offense beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970) (stating that the Due Process Clause of the Fourteenth Amendment requires the state prove "beyond a reasonable doubt . . . every fact necessary to constitute the crime with which [the accused] is charged"). And the Minnesota Supreme Court has held that removing the state's burden to prove an element of an offense is not harmless. *See, e.g.*, *State v. Hall*, 722 N.W.2d 472, 479 (Minn. 2006) ("We have consistently held that when an erroneous jury instruction eliminates a required element of the crime this type of error is not harmless beyond a reasonable doubt."); *State v. Kuhnau*, 622 N.W.2d 552, 558-59 (Minn. 2001) (concluding an error is not harmless if it removes the state's burden to prove an element of the offense). Here, the aggregation of the July offense and October offense allowed the state to prosecute the October offense as a felony under the first-degree criminal-damage-to-property statute

---

[4] Lanham cites *State v. Fitch* for the proposition that he must prove prejudice but does not apply the balancing test set forth in that case. *See* 884 N.W.2d 367, 379 (Minn. 2016) ("But the ultimate question in a severance claim . . . is one of prejudice. We have repeatedly and consistently held that joinder is not prejudicial if evidence of each offense would have been admissible *Spreigl* evidence in the trial of the other." (quotations and citation omitted)). Because the parties do not argue that a test other than harmless error applies, we assume without deciding that harmless error is the appropriate test.

without proving the required damage threshold.[5]   We therefore conclude the error prejudiced Lanham and requires reversal of his conviction.[6]

For the foregoing reasons, we reverse Lanham's conviction and remand for further proceedings.[7]

## DECISION

We conclude that, under section 609.595, subdivision 1, when a defendant is prosecuted under clause (4), the value of any property damaged by the defendant within any six-month period may be aggregated if the alleged reduction in the value of the property for each offense is more than $1,000.  For the reasons articulated above, we

---

[5] The state argues the district court's decision did not prejudice Lanham because the state *could* have prosecuted the October offense at a lesser degree.  We are not persuaded.  Here, the state charged Lanham *only* with first-degree criminal damage to property for the October offense; therefore, Lanham was prejudiced because, the aggregation allowed the state to prosecute Lanham for a first-degree offense without proving a reduction in the value of the property of more than $1,000.

[6] We further note that we would have reached the same result had we applied the plain-error standard of review.  Under the plain-error test, we analyze whether there was an error, that was plain, that affected Lanham's substantial rights.  *See State v. Beaulieu*, 859 N.W.2d 275, 279 (Minn. 2015).  If Lanham satisfied these factors, we would consider whether the error affected the fairness or integrity of judicial proceedings.  *See id.*  Here, the error is plain because it contravened the plain language of an unambiguous statute.  *See, e.g., id.* at 282 (finding plain error where the district court contravened an unambiguous rule of criminal procedure).  For the reasons set forth above, Lanham would have satisfied the substantial-rights element because the substantial-rights analysis is "the equivalent of a harmless error analysis."  *See State v. Matthews*, 800 N.W.2d 629, 634 (Minn. 2011).  And correcting the error would have been necessary to ensure the fairness and integrity of the judicial proceedings because requiring the state to prove every element of the crime beyond a reasonable doubt "is indispensable to command the respect and confidence of the community in applications of the criminal law."  *See State v. Burg*, 648 N.W.2d 673, 680 (Minn. 2002) (quotation omitted).

[7] Lanham also challenges the district court's restitution decision, arguing the district court failed to expressly consider his ability to pay as required under Minn. Stat. § 611A.045, subd. 1(a) (2020).  Because we reverse his conviction, we need not address this issue.

reverse Lanham's conviction on the aggregated charge and remand for further proceedings consistent with this opinion.

**Reversed and remanded.**